## Myers and Murray *versus* Commonwealth.

1. Assistant and associate law judges, before the adoption of the New Constitution, had power to hold courts of Oyer and Terminer in the absence of the president judge.

2. Under sects. 8 and 9, Art. V. of the New Constitution and the Act of February 27th 1875, the several judges of the Court of Common Pleas of Allegheny county have power to hold courts of Oyer and Terminer.

3. After a jury was empannelled on trial of a homicide, an amendment changing the time laid in the indictment, may be made under the Criminal Procedure Act of March 31st 1860.

4. Challenges to jurors who had formed and expressed an opinion, properly allowed in this case.

5. Application of the Judges, 14 P. F. Smith 33 ; Commonwealth *v.* Zephon, 8 W. & S. 382 ; Kilpatrick *v.* Commonwealth, 7 Casey 198 ; Ortwein *v.* Commonwealth, 26 P. F. Smith 414, followed.

October 14th 1875.    Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Writs of error to the Court of Oyer and Terminer of the *County of Allegheny*: Of October and November Term 1875. No. 128 and 129.

At the December sessions 1874 of the Court of Oyer and Terminer, William Murray and Frederick Myers were indicted for the murder of Gotthold Wahl; the murder was charged in the indictment as having been committed in the perpetration of a robbery.

There was no question in the Supreme Court arising from the facts in the case.

The following order was made at the March Session 1875, of the Court of Common Pleas, No. 2, of Allegheny county :—

" And now, February 27th 1875, it is ordered that the Hon. Thomas Ewing, one of the judges of this court, be and he is hereby detailed in accordance with the Act of Assembly, to hold the ensuing March Term of the courts of Oyer and Terminer and Quarter Sessions of the Peace, and that the Hon. John M. Kirkpatrick and J. W. F. White, the other judges of this court, are hereby detailed to assist in holding said term of said courts, when called on by the presiding judge, in the trial of cases requiring the presence of two judges, or in the absence or inability of the said judge."

On the 27th of February 1875, Pamph. L. 62, an Act of Assembly was passed, enacting :—

Sect. 1. That before the commencement of each term of the Courts of Oyer and Terminer and Quarter Sessions of the Peace, the judges of each of the Courts of Common Pleas of Allegheny county shall alternately detail one of its judges to hold, and if they see fit, one or more judges to assist in holding said Courts of

[Myers *v.* Commonwealth.]

Oyer and Terminer and Quarter Sessions of the Peace for the next ensuing term.

Sect. 2. Each of said judges so detailed may separately hold the said Courts of Oyer and Terminer and Quarter Sessions of the Peace during such term, * * * provided, that on ·the trial of indictments for homicide, two of said judges shall sit jointly, except in case of sickness or inability to attend, and on the hearing of motions for a new trial and in all other cases, all the judges of said Courts of Common Pleas may sit jointly if they deem .o necessary.

*      *      *      *      *      *,      *      *      *

Sect. 4. The order of Courts of Common Pleas of said county of Allegheny heretofore made, detailing the judges of the Court of Common Pleas, number one, to hold the residue of the December Term 1874, of the Courts of Oyer and Terminer and Quarter Sessions of the Peace of said county, is hereby validated and confirmed as the first detail under the Constitution and laws of this state.

The trial of the indictment commenced March 16th 1875. "Present, Hon. Thomas Ewing, president judge of the court, specially detailed to hold the March Session 1875, of said court, and the Hon. J. W. F. White, associate judge, detailed to assist at the holding of said term, being present."

On the same day the prisoners pleaded to the jurisdiction of the court, and "say that this court is not legally constituted, the judges here sitting having no right or authority under the law to preside in this court, or to order, direct or control this cause, legally triable in the Court of Oyer and Terminer of Allegheny county."

The plea was overruled and the prisoners directed to plead to the indictment; they pleaded "Not guilty."

On application of Murray the court granted a severance of the prisoners in the trial.

A juror, on being asked whether he had formed and expressed an opinion, &c., said he had. He was then challenged by the prisoner for cause. In answer to another question, he said that if what he had read were true, he had said he thought the prisoner guilty, but that his opinion would not hinder him from rendering a just verdict according to the evidence ; he had read the testimony taken on the hearing before the coroner and formed his opinion from that ; it would take contrary evidence to remove that from his mind.

The challenge was overruled and exceptions sealed for the prisoner.

Another juror said he formed an opinion from reading of the occurrence at the time and supposed he had the opinion still. In answer to the question whether his opinion would prevent him

from rendering a verdict in accordance with the testimony on the trial, and the law as laid down, without requiring the prejudice to be removed from his mind, he said he would try to do justice as far as he could, and thought he had formed no opinion that would prevent his trying the case according to the testimony.

The prisoner challenged the juror for cause, the challenge was overruled and a bill of exceptions sealed for the prisoner.

The jury having been sworn, the court made the following order:—

"And now, March 16th 1875, it appearing to the court that the time laid in the indictment is the 11th day of October 1874, and that the date should be the 11th day of November 1874; on motion of the district attorney, it is ordered and directed that said indictment be amended so as to read the 11th day of November 1874, whenever and wherever in said indictment it now reads October 11th 1874."

A bill of exceptions was sealed for the prisoner.

On the 18th of March 1875, the jury found the prisoner Murray " Guilty of murder in the first degree." Myers was also convicted under similar circumstances of trial; and both were sentenced to be hung.

Each took a writ of error and assigned for error,

1. Overruling the plea to the jurisdiction.

3. Allowing the amendment as to the time laid in the indictment.

Murray's 4th assignment of error was overruling his challenges to the jurors.

*W. D. Moore,* for Murray, and *W. C. Moreland,* for Myers, plaintiffs in error.

*E. A. Montooth,* District Attorney, and *T. M. Bayne,* for Commonwealth, defendant in error.

Mr. Justice GORDON delivered the opinion of the court, November 4th 1875.

The argument, for the plaintiff in error, rests on the assumption that the assistant and associate judges of the Court of Common Pleas, learned in the law, in the county of Allegheny, had, before the adoption of the New Constitution, no power to hold Courts of Oyer and Terminer for the trial of homicide cases, in the absence of the president judge. This, however, is unfounded, as will be seen upon referring to the Acts of 26th March 1859, Pamph. L. 253, and 11th of April 1862, Pamph. L. 448, creating the offices of assistant and associate judges for this county, and the Act of 4th of May 1865, Pamph. L. 842, conferring certain powers upon them. Under the last act any two of the judges may sit in the

[Myers v. Commonwealth.]

Oyer and Terminer Court for the trial of homicide cases. Sects. 8 and 9 of the 5th Art. of the New Constitution in question, with the Act of 27th of February 1875, confer full power upon the several judges of the Courts of Common Pleas, Nos. 1 and 2, in Allegheny county, to hold Courts of Oyer and Terminer for the trial of cases. The cases of The Commonwealth v. Zephon, 8 W. & S. 382 ; Kilpatrick v. Commonwealth, 7 Casey 198 ; and In re Application of Judges of the Eighth and Tenth Districts, 14 P. F. Smith 33, vindicate fully the legislation enabling associate judges learned in the law to hold Courts of Oyer and Terminer for the trial of homicide cases in the absence of the president judge.

The amendment of the indictment from " October" 1874 to " November" 1874, is justified by the 13th sect. of the Act of 31st of March 1860, relating to the criminal procedure, especially when read in connection with the powers of amendment set forth in the 11th and 12th sects. A clause in the 13th sect. reads thus : " Or in the name or description of any matter or thing whatsoever therein named or described." The month of October was named in the indictment, and the precise day described by the number eleven. The amendment fell clearly within this power, which is strengthened by the large powers of amendment intended to be conferred by the sections stated.

The fourth assignment of error is disposed of by the case of Ortwein v. The Commonwealth, 26 P. F. Smith 414, decided in this district a year ago. The other assignments of error were abandoned in the argument. We discover no error in this record. The judgment and sentence of the Court of Oyer and Terminer in each case, that is to say, in the Commonwealth v. William Murray, and the Same v. Frederick Myers, are affirmed, and it is ordered that the record be remitted in each case to the Oyer and Terminer, which tried the cause, for the execution of the sentence according to law.