## Clarion County, Appellant, *v.* Clarion Township.

*Constitutional law—Title of act—Special legislation.*

The Acts of April 20, 1905, P. L. 237, and April 25, 1907, P. L. 104, relating to appropriation of turnpikes for public use free of tolls, and the maintenance thereof by counties, cities or boroughs, are constitutional.

Argued Oct. 9, 1908. Appeal, No. 210, Oct. T., 1908, by plaintiff, from judgment of Superior Court, April T., 1908, No. 233, affirming judgment of C. P. Clarion Co., May T., 1908, No. 11, for defendant on case stated in suit of Clarion County v. Clarion Township. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from Superior Court. See 36 Pa. Superior Court, 302.

OPINION OF THE SUPERIOR COURT.

PER CURIAM:

The general question for decision in this case is, whether or

not it is the duty of Clarion county to repair and maintain a portion of a certain turnpike that was condemned, and for which condemnation damages were paid by the county. The decision of this question, it is conceded by counsel for appellant, depends upon the proper determination of the question whether the Act of April 20, 1905, P. L. 237, and the Act of April 25, 1907, P. L. 104, are constitutional. The court below decided both questions in the affirmative. The precise question was decided by the Superior Court in February last, in the case of Commonwealth ex rel. v. Van Bowman et al., upon appeal from the judgment of the court of common pleas of Cumberland county. That case was not reported at the time the present appeal was taken or argued; consequently it had not come to the notice of counsel. Nothing has been suggested in the argument which was not fully considered in the decision referred to and we see no occasion to add anything to the opinion rendered by our Brother HENDERSON in that case.

The judgment is affirmed.

OPINION OF THE SUPERIOR COURT IN COMMONWEALTH EX REL.
*v.* VAN BOWMAN ET AL., 35 PA. SUPERIOR CT. 410.

OPINION BY HENDERSON, J., February 28, 1908:

The appellants except to the decree of the court below, on the ground that the act of assembly under which the proceeding was instituted is unconstitutional. The first objection is that its title is defective and, therefore, repugnant to sec. 3 of art. III of the constitution. The title is, "An Act to provide for the repair and maintenance or improvement, by the proper county, city or borough, of turnpikes heretofore or hereafter appropriated or condemned, or any part thereof, for public use free of tolls." Then follows the enactment of sec. 1, "That when any turnpike, or part thereof, has been, or may thereafter be, appropriated or condemned for public use, free of tolls, under any existing laws, and the assessment of damages therefor shall have been paid by the proper county, such turnpike, or part thereof, shall be properly repaired and maintained at the expense of the county, city or borough in which the turnpike, or part thereof lies." There is certainly no such

omission to set forth in the title the subject of the act as brings it under the constitutional prohibition. It would be a superfluous repetition to engage in the discussion of this question. Many cases hold that it is sufficient if the title fairly gives notice of the real subject so as to reasonably lead to an inquiry as to what is contained in the body of the act. Some of the later cases are: Franklin v. Hancock, 204 Pa. 110; Bridgewater Borough v. Bridge Co., 210 Pa. 105; Middletown Road, 15 Pa. Superior Ct. 167; Com. v. Meads, 29 Pa. Superior Ct. 321. Courts approach the consideration of the constitutionality of a statute with the desire and duty to sustain it, if that be practicable, and its invalidity must very clearly appear before that fact will be declared. All of the provisions of the act under consideration, except the repealing clause, are contained in sec. 1. The title not only directs attention to the subject of the act, but is a full syllabus of it, and contains about one-third of the number of words found in the statute. The act has but one subject; that is, the maintenance of certain highways by the county, city or borough where such highways exist and this is set forth more fully and clearly in the title than is usual, and much more so that in many statutes whose constitutionality in this respect has been sustained by the Supreme Court.

It is further objected that the act is in violation of sec. 6 of art. III of the constitution, which prohibits the revival, amendment or extension of any law by reference to its title alone. The argument is that the act is merely a part of a system devised for opening toll roads for the use of the public and is an amendment to sec. 11 of the Act of June 2, 1887, P. L. 306. The answer to this is that the statute is in form and legislative intention a new law covering the whole subject and changing the legislation of the act of 1887. It is complete in itself. Its meaning is apparent on its face, and it does not require the re-enforcement of any other statute to give it effect. Such an act does not violate the constitution though it may operate to alter or repeal a prior act: Searight's Estate, 163 Pa. 210; Greenfield Ave., 191 Pa. 290; Emsworth Borough, 5 Pa. Superior Ct. 29. A casual glance at the statutes will disclose the

evolution of the law on many subjects brought about by independent enactments incorporating new provisions which in effect amended previous legislation on the same subjects, but it never was supposed that such enactments could only be made constitutional by connecting them in terms with prior legislation. Section 2 repeals all inconsistent acts, and there is no foundation for the position that there is an amendment within the constitutional provision referred to.

It is further contended that the act violates sec. 1 of art. IX of the constitution which demands uniformity of taxation. This objection is met by the reply that the subject of the statute is not one of taxation at all. There is no constitutional obligation on any municipal district to maintain public highways. The duty is imposed by statute, and it is a matter of legislative discretion whether a highway shall be maintained by the county or by a local municipal district. It is not a matter of legal concern to the taxpayers of a borough or city that the county assumes the cost of the maintenance of a public road in a township. A county bridge and the approaches thereto are a part of a public highway often wholly in one township and are erected and maintained at the charge of the county, but no one contends that the township may not be relieved from the cost of such part of a public highway by proper proceedings in the court of quarter sessions. In such a case all of the taxpayers of the county are required to contribute to the erection and maintenance of the bridge which, before it was made a county charge, was a burden upon the local district. Highways are for the use of the public, generally, and if by reason of difficulty of construction or cost of maintenance it is deemed advisable that one of them be constructed or maintained out of the county fund, taxpayers of another township or borough have no standing to object on the ground of inequality of taxation. The cost of the maintenance of roads is necessarily greater in some districts than in others, owing to the larger mileage, the quality of the soil and the topographical conditions. The section of the constitution under consideration does not forbid the legislature to authorize the construction or maintenance of a part or the whole of a

public highway at the expense of the county. We think the learned counsel are in error in supposing that any question of equality of taxation is involved in the case.

The contention that the act is local or special legislation is not maintainable. The law is general in its terms and is applicable throughout the commonwealth. Every person is affected by it who is brought within the relations and circumstances provided for. The mere fact that local results may be produced through its operation does not necessarily render it unconstitutional. A law may by classification or otherwise produce diversity of result and yet be general where the classification is based on a real distinction. It is for the legislature to determine the expediency of the law: Evans v. Phillipi, 117 Pa. 226; Lehigh Valley Coal Co.'s Appeal, 164 Pa. 44; Stegmaier v. Jones, 203 Pa. 47; Com. v. Brown, 210 Pa. 29; Middletown Road, 15 Pa. Superior Ct. 167. Every county similarly situated as to condemned or abandoned turnpikes is within the operation of the statute. None are excluded because of any local condition or circumstance. It is also argued that there is an inconsistent election allowed to county commissioners with reference to the manner of maintaining the road because of the Act of June 26, 1895, P. L. 336. These acts are not incompatible and relate to different subjects. The latter act provides for the permanent improvement of certain public highways and makes such improved highways county roads. The act of 1905 relates solely to the repair and maintenance or improvement by the proper county, city or borough of appropriated or condemned turnpike roads. If any question of election arose the opinions in Middletown Road, 15 Pa. Superior Ct. 167, and Lehigh Valley Coal Co.'s Appeal, 164 Pa. 44, fully answer the argument. None of the objections to the constitutionality of the law are sustained.

The decree is affirmed.

*Error assigned* was the judgment of the Superior Court.

*J. T. Reinsel,* for appellant.

*W. D. Burns,* for appellee, was not heard.

PER CURIAM, November 2, 1908:

The judgment is affirmed on the opinion of the Superior Court for the reasons stated in Com. v. Van Bowman, 35 Pa. Superior Ct. 410.