# Commonwealth *v.* Tassone, Appellant.

*Criminal law—Criminal procedure—Act of March 31, 1860, P. L. 427, Sections 11, 12, 13—Amendments.*

1. A misstatement of the date of the commission of a crime in an indictment is a mere formal defect if it be shown on the trial that the offense charged was committed.

2. Sections 11, 12 and 13 of the Criminal Code of March 31, 1860, P. L. 427, which relate to the amendment of indictments, permit an indictment, which erroneously alleges the date of the offense, to be amended, after a verdict of "guilty" has been rendered, so as to allege the true date of the offense.

*Constitution of Pennsylvania, Article III, Section 6—Revival and amendment of laws—Act of June 19, 1913, P. L. 528—Death penalty—Electrocution—Valid statute.*

3. The Act of June 19, 1913, P. L. 528, providing that the death penalty shall be inflicted by means of electricity, is complete in itself and does not require the re-enactment of any other statute to give it effect. It does not therefore violate Article III, Section 6, of the Constitution of Pennsylvania, which provides in effect that so much of an act as is revived, amended, extended or conferred, shall be re-enacted and published at length.

4. Where an indictment for murder charged the offense as having been committed on October 31, 1914, which was six months after the date of trial, and at the trial the defendant denied that he shot deceased, but said that deceased was shot by another person, the testimony could only have applied to a past, and not to a future time, and after a verdict of guilty of murder of the first degree was rendered, the court made no error in directing the indictment to be amended so as properly to allege the date of the crime, and in imposing sentence of death by electrocution, under the Act of June 19, 1913, P. L. 528.

Argued Sept. 28, 1914. Appeal, No. 300, Jan. T., 1914, by defendant, from judgment of O. & T., Lancaster Co., April Sessions, 1914, No. 31, on verdict of guilty of murder of the first degree in case of Commonwealth v. Rocco Tassone. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Indictment for murder. Before LANDIS, P. J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree upon which sentence of death by electrocution was passed. Defendant appealed.

*Errors assigned* were in permitting the indictment to be amended after verdict, in refusing to arrest judgment, and the sentence of the court.

*Benjamin C. Atlee,* for appellant.—Where an indictment charges the commission of an offense as having occurred after the date of the finding of the indictment, on motion to arrest judgment, even after verdict, the objection is fatal and judgment must be arrested: Pennsylvania v. McKee, Addison, 33; Commonwealth v. Nailor, 29 Pa. Superior Ct. 271; Commonwealth v. Doyle, 110 Mass. 103; Terrell v. State of Indiana, 75 N. E. Repr. 884; Jacobs v. Commonwealth, 5 S. & R. 315; People v. Weinstein, 255 Ill. 530; Commonwealth v. LeClair, 147 Mass. 539; Commonwealth v. Bickum, 153 Mass. 386.

The Act of March 31, 1860, P. L. 427, Secs. 11, 12 and 13, permit the amendment of indictments only on trial, not after the jury has been allowed to separate: Com. v. George, 12 Pa. Superior Ct. 1; Girts v. Com., 22 Pa. 351; Com. v. Bubnis, 197 Pa. 542; Com. v. Kaiser, 184 Pa. 493; Com. v. Gurley, 45 Pa. 392; Com. v. Duffy, 49 Pa. Superior Ct. 344; Brown v. Com., 78 Pa. 122; Oliver v. Wheeler, 26 Pa. Superior Ct. 5; Dougherty v Com., 69 Pa. 286.

Section 11 of said act confines the power of amendment to formal defects: 22 Cyc. 435, note 56; Reg. v. Oliver, 13 Cox C. C. 588; 36 L. T. Repr. (N. S.) 114; Reg. v. Larkin, 2 C. L. R. 775, 6 Cox C. C. 377; Reg. v. Frost, 3 C. L. R. 665.

The Act of June 19, 1913, P. L. 528, offends against the provisions of Art. III, Sec. 6, of the Constitu-

tion of Pennsylvania, and sentence was unlawfully imposed thereunder: Barrett's Appeal, 116 Pa. 486.

*John M. Groff,* District Attorney, with him *Chas. W. Eaby,* for appellee.—The court made no error in allowing the amendment of the indictment: United States v. Howard, 132 Fed. Repr. 325; State v. Patterson, 18 N. E. Repr. 270; Commonwealth v. Major, 198 Pa. 290, Opin. pp. 300; Commonwealth v. Powell, 23 Pa. Superior Ct. 370; Myers v. Commonwealth, 79 Pa. 308; Rough v. Commonwealth, 78 Pa. 495; Rosenberger v. Commonwealth, 118 Pa. 77; Brown v. Commonwealth, 78 Pa. 122; Traviss v. Commonwealth, 106 Pa. 597; Commonwealth v. Chauncey, 2 Ash. 90; Davis v. Commonwealth, 4 Cent. Repr. 711; Commonwealth v. Williams, 149 Pa. 54; Myers & Murray v. Commonwealth, 79 Pa. 308; Rough v. Commonwealth, 78 Pa. 495; Commonwealth v. Shields (No. 2), 50 Pa. Superior Ct. 194, Opin. 205; State v. West, 21 Mo. App. 309; Walker v. State, 76 S. E. Repr. 762; People v. Darr, 104 N. E. Repr. 389; State v. Hughes, 82 Mo. 86; Commonwealth v. Livingstone, 18 Pa. C. C. 236; Kilrow v. Commonwealth, 89 Pa. 480.

The Act of June 19, 1913, P. L. 528, is constitutional: Clarion County v. Clarion Twp., 222 Pa. 350, Opin. 352; Searight's Est., 163 Pa. 210; Commonwealth v. Muir, 180 Pa. 47; Commonwealth v. Shaleen, 30 Pa. Superior Ct. 1; Commonwealth v. Curry, 4 Sup. Ct. 356.

OPINION BY MR. JUSTICE BROWN, October 26, 1914:
Tony Collata, an Italian fruit-dealer, while driving along a public highway leading to the City of Lancaster, was murdered on October 31, 1913. A jury found that the appellant had murdered him. On this appeal no question is raised as to the sufficiency of the evidence to sustain the verdict returned and there is no complaint of any error committed by the learned court below in the course of the trial.

In the indictment returned by the grand jury April 20, 1914, the date of the commission of the crime is laid as October 31, 1914. On April 27, 1914, six days after the prisoner had been found guilty of murder of the first degree, his counsel made a motion in arrest of judgment on the ground that the indictment upon which he had been found guilty charged the offense as having been committed more than six months after the trial. On May 20, 1914, on motion of the district attorney the court permitted the indictment to be amended by changing the date of the commission of the offense to October 31, 1913, and subsequently the judgment appealed from was entered on the verdict. The allowance after verdict of the amendment and the dismissal of the motion in arrest of judgment are two of the three grounds upon which this appeal is pressed.

Whether, under the common law, the amendment of the indictment ought not to have been allowed and the judgment should have been arrested, are not questions to be considered on this appeal. The amendment was allowed in the exercise of what the learned court below believed to be power conferred upon it by our Criminal Procedure Act of March 31, 1860, and if that act confers the power which was exercised, the judgment that followed the amendment was properly pronounced and cannot be disturbed. As the question before us is whether under our statute the court had the power to do what it did, we need not consider the rulings of courts in other jurisdictions cited by learned counsel for the prisoner in support of his contention of the lack of power in the court below to have directed the amendment.

Less than a century and a half ago, one hundred and sixty offenses were punishable with death in England, and the rigorous strictness then required by the courts of that country in the framing of indictments can now be readily understood. With so many crimes involving the death penalty at that time, "Humane judges would catch at any slip when a life was to be saved. But in

this State, where but a single crime is capital, and where
the whole criminal code is administered in mildness and
mercy, there is no such reason for strictness of plead-
ing": Agnew, J., in Commonwealth v. Keenan, 67 Pa.
203. From time to time Parliament abolished the death
penalty for various crimes until life was the forfeit for
but few, and then came the Statute of 9 Geo. IV allow-
ing amendments of indictments in misdemeanors. This
was followed in 1851 by a Statute (14 and 15 Vict., c.
100) giving to the courts the broadest power to amend
in felonies as well as misdemeanors, the preamble of the
act being as follows: "Whereas offenders frequently es-
cape conviction on their trials by reason of the technical
strictness of criminal proceedings in matters not ma-
terial to the merits of the case; and, whereas, such
technical strictness may safely be relaxed in many in-
stances, so as to ensure the punishment of the guilty,
without depriving the accused of any just means of de-
fense; and whereas, a failure of justice often takes
place on the trial of persons charged with felony and
misdemeanor by reason of variance between the state-
ment in the indictment on which the trial is had and the
proof of names, dates, matters, and circumstances therein
mentioned, not material to the merits of the case, and
by the misstatement whereof the person on trial cannot
have been prejudiced in his defense. Be it therefore en-
acted, etc." The reason set forth in the foregoing pre-
amble led less than ten years later to our Act of March
31, 1860, P. L. 427, permitting amendments of indict-
ments in all cases. By the 12th and 13th sections of that
act the power of a trial court to direct the amendment
of an indictment is given in broadest terms and may be
exercised whenever "there shall appear to be any vari-
ance between the statement of the indictment and the
evidence offered in proof thereof," provided that the
court shall consider the variance not material to the
merits of the case and that the defendant cannot be
prejudiced in his defense upon such merits; "and every

verdict and judgment which shall be given, after making such amendment, shall be of the same force and effect, in all respects, as if the indictment had originally been in the same form as it was after the amendment was made." But it is urged that the amendment in the present case, having been made after verdict, was too late. This overlooks what was required of the prisoner by the 11th section of the same act, which provides that "Every objection to any indictment for any formal defect, apparent on the face thereof, shall be taken by demurrer, or on motion to quash such indictment, before the jury shall be sworn, and not afterward; and every court before whom any such objection shall be taken for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended in such particular by the clerk or other officer of the court, and thereupon the trial shall proceed as if no such defect appeared."

When the prisoner was arraigned and the indictment was read to him, he heard that it charged him with having committed the murder on October 31, 1914,—an impossible date—but he made no motion to quash and on his plea of not guilty permitted the trial to proceed on its merits. If he had moved to quash before the jury were sworn, "The court could then have taken care of the interests of the public by sending back the indictment to the grand jury, if in session, for amendment; or if not, could have held the defendant to answer a fresh indictment. But after going on to trial, when the jury could not be safely discharged, the power to amend comes in aid of justice, to prevent a failure. Then the last provision of the 13th section is, that 'every verdict and judgment which shall be given, after making such amendment, shall be of the same force and effect, in all respects, as if the indictment had originally been in the same form in which it was after such an amendment was made:'" Rough v. Commonwealth, 78 Pa. 495.

In Myers v. Commonwealth, 79 Pa. 308, the defendant

below was convicted of murder of the first degree on an indictment which charged at the time the jury were empaneled that the crime had been committed on October 11, 1874. After the jury had been sworn the indictment was amended, under the prisoner's objection, by changing the date to November 11, 1874. In holding that this amendment was properly allowed, we said: "The amendment of the indictment from 'October,' 1874, to 'November,' 1874, is justified by the 13th sect. of the Act of 31st of March, 1860, relating to the criminal procedure, especially when read in connection with the powers of amendment set forth in the 11th and 12th sections. A clause in the 13th sect. reads thus: 'Or in the name or description of any matter or thing whatsoever therein named or described.' The month of October was named in the indictment, and the precise day described by the number eleven. The amendment fell clearly within this power, which is strengthened by the large powers of amendment intended to be conferred by the sections stated."

The court below, in the case at bar, having had power to allow the amendment before verdict, had the same power after verdict: Brown v. Commonwealth, 78 Pa. 122. So after all the question is as to the power of the court below to have allowed the amendment at any stage of the proceedings. No statute of limitation runs in favor of a murderer and time is therefore not of the essence of his crime when he is called for trial upon the indictment charging him with it. A mis-statement in an indictment of the date of the commission of a crime is a mere formal defect if it be shown on the trial that the offense charged had been committed: Commonwealth v. Major, 198 Pa. 290; Commonwealth v. Powell, 23 Pa. Superior Ct. 370. The wrong date disclosed in the indictment returned by the grand jury in this case having been a mere formal defect, it was cured by the amendment clearly allowable under the Act of March 31, 1860. and there is, therefore, no merit in the main conten-

tion of learned counsel for the prisoner, which we dismiss with the following from the opinion of the learned court below denying the motion in arrest of judgment: "The defendant testified that he was with Collata on October 31st, and that, while they were in the wagon together, Collata was shot. He denied that he shot him, but said that he was shot by a man by the name of Santo, who jumped in from the back of the wagon, stayed about two minutes on the wagon, and then ran away. That testimony could only have applied to a past and not to a future time. It seems, therefore, to us to be almost trifling with justice if, in the face of all the testimony presented, and after a fair and impartial trial, the court should set aside the conviction, which was most righteous under the testimony, because some official inadvertently blundered concerning a fact which on the trial was not in dispute and the correction of which was in no wise prejudicial to the defendant."

The Act of June 19, 1913, P. L. 528, directing that the death penalty shall be inflicted by means of electricity, is not an amendatory enactment. It is complete in itself and does not require the reenforcement of any other statute to give it effect. It is, therefore, not violative of Article III, Sect. 6, of the Constitution: Clarion County v. Clarion Township, 222 Pa. 350.

Nothing more remains to be said except that the judgment is affirmed, with direction that the record be remitted to the court below for execution of the sentence according to law.