# Commonwealth *v.* Mondollo, Appellant.

*Criminal law—Murder—First degree—Intent—Premeditation—Deliberation—"Lying in wait"—Trials—Charge to jury.*

On the trial of an indictment for murder where it appeared that the victim, an eighteen years old girl, was employed in a restaurant; that before leaving the restaurant on the evening of the murder she held a conversation with the accused, who followed her and an escort to the theatre; that the accused went inside and a few minutes later left and returned to the restaurant; that when deceased returned she found him sitting at a table and told him to cease bothering her with his attentions, whereupon he arose, drew a revolver from his pocket and shot her twice in the neck, causing her death two days later; and that defendant told two witnesses that he had returned from the theatre to the restaurant for the purpose of awaiting her return and shooting her, the defendant cannot complain of the court's definition of "lying in wait," where the jury were given clearly to understand that the Commonwealth could not convict defendant of murder of the first degree unless they found an intent on his part at the time of the killing to take life, of which intent his mind was fully conscious, and for the accomplishment of his purpose there had been sufficient time to lay the plan and select the weapon to carry it into execution; and where there was no other error in the charge of the court, a verdict and judgment of guilty of murder of the first degree were sustained.

Argued Oct. 26, 1914. Appeal, No. 316, Jan. T., 1914, by defendant, from judgment of O. & T. Fayette Co., June T., 1914, No. 7, on verdict of guilty of murder of the first degree in the case of Commonwealth v. Nicola Mondollo. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Indictment for murder. Before UMBEL, P. J.

The facts appear by the opinion of the Supreme Court.

The jury found a verdict of murder of the first degree. Sentence of death was subsequently imposed by the court. Defendant appealed.

1915.]      Assignment of Errors—Opinion of the Court.

*Error assigned,* among others, was (1) :

"The court, having read from the statute the definition of murder, erred in charging the jury as follows:

" 'You will observe in this case that it is not contended that the murder was by means of poison, or that it was in the perpetration of, or attempt to perpetrate, any arson, rape, robbery or burglary, but it is contended and insisted on the part of the Commonwealth that murder of the first degree was committed by this defendant in the manner as claimed here by lying in wait, or as a wilful, deliberate and premeditated killing, either of which, under the statute, is denominated murder of the first degree. Murder by lying in wait practically describes itself, that is, where one person lays in ambush or secretes himself and awaits an opportunity to take the life of his victim. The law says there are about three elements necessary to constitute the crime of murder in the first degree by lying in wait, they are: first, waiting; second, watching; and third, secrecy. If a person waits and watches an opportunity to kill another, and by secrecy it does not mean that he necessarily secretes or hides himself but that he formed in his own mind the secret intention to take the life of his victim—if those three elements are present and are established to the satisfaction of the jury, and life is taken under those circumstances the man who takes the life is guilty of murder in the first degree by lying in wait.' "

*L. H. Frasher,* with him *J. Espey Sherrard,* for appellant.

*S. R. Shelby,* District Attorney, with him *S. John Morrow* and *William Augustus Miller,* Assistant District Attorneys, for appellee.

OPINION BY MR. JUSTICE BROWN, January 2, 1915:

The appellant was convicted in the court below of the wilful and deliberate murder of a girl about eighteen

years of age at the time of her death.   She was em-
ployed in a restaurant, and on the evening of May 1,
1914, obtained permission from her employer to go to a
theatre.   Before leaving the restaurant she had a con-
versation with the prisoner, who followed her and an
escort to the theatre.   He went inside, and in a few
moments left and returned to the restaurant, to which
the deceased also returned shortly afterwards.   She
found him sitting at a table and notified him to cease
bothering her with his attentions, whereupon he arose,
drew a revolver from his pocket and shot her twice in
the neck.   As a result of this shooting her death fol-
lowed two days later.   The verdict, finding the prisoner
guilty of murder of the first degree, was, under the evi-
dence, the only one which could have been returned by
a jury deliberating under a proper sense of duty.   This
does not seem to be seriously questioned by counsel for
the prisoner, who ask for a retrial of the case on the
ground of alleged errors committed by the learned trial
judge in his charge to the jury.   If errors were so com-
mitted, calling for a reversal of the judgment, our duty
would be to remand the case for another trial, even
though the same inevitable verdict should await the pris-
oner, for his right is to be tried according to law.   He
was so tried, and his appeal from the just judgment pro-
nounced upon him is so utterly without merit that but
a word need be said in dismissing it.

By the first assignment complaint is made of the
court's definition of the words "lying in wait," as used
in our penal code in declaring what constitutes murder
of the first degree.   Nothing complained of by the first
assignment did the prisoner any possible harm, for the
jury were given clearly to understand that, though the
Commonwealth insisted that his crime was that of wil-
ful, deliberate and premeditated murder, they could not
convict him of murder of the first degree unless they
found a specific intent on his part at the time of the kill-
ing to take life, of which intent his mind was fully con-

scious, and for the accomplishment of his purpose there had been sufficient time to lay the plan and select the weapon to carry it into execution. This instruction is taken from that portion of the charge of which the second assignment complains. It has even less merit than the first, for what the jury were told in the language of which it complains but followed the instructions in Commonwealth v. Drum, 58 Pa. 9, which have since been approved by this court in a multitude of cases.

On this appeal the Commonwealth well contends that the prisoner really made no defense at the trial. That he shot his victim under the circumstances recited is admitted, and he did not deny that he had said to two witnesses that he had returned from the theatre to the restaurant for the purpose of awaiting her return, that he might shoot her. If the court failed to dwell at length on the testimony of several witnesses which counsel for the prisoner seem to think was relevant and important, it was probably for the very good reason that there was nothing in it to help him. The fourth assignment does not seem to be pressed. The question raised by the fifth was passed upon adversely to the appellant in Commonwealth v. Tassone, 246 Pa. 543.

The assignments of error are overruled, the judgment is affirmed and it is ordered that the record be remitted for the purpose of execution.