## Commonwealth v. Sapk, Appellant.

*Criminal law and procedure—Liquor law—Selling without license—Indictment—Bill of particulars—Amendment—Section 13, Act of March 31, 1860, P. L. 433.*

Upon the trial of an indictment charging the sale of liquors without a license the testimony was that the defendant sold certain liquors at No. 287 Sixteenth Street.   A bill of particulars had been filed in which it was stated the liquors had been sold at No. 286 Sixteenth Street.   The court overruled defendant's motion to strike out the evidence and allowed an amendment of the bill of particulars to comply with the proof.

The Criminal Procedure Act of March 31, 1860, P. L. 433, section 13, authorizes such amendments, and there was no abuse of discretion on the part of the trial judge in allowing it in this case.

Argued October 9, 1922.   Appeal, No. 2, April T., 1923, by defendant, from judgment of Q. S. Beaver County, Sept. Sessions, 1921, No. 114, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Steve Sapk.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Indictment for selling liquors without a license.   Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Error assigned,* inter alia, was the action of the court in allowing an amendment of bill of particulars to comply with the proof.

*A. G. Helbling,* and with him *Richard S. Holt,* for appellant.—Bills of particulars should be as certain and convey as much information as a special declaration, and the proof must conform to them and to the pleadings to which they are adjunct: Gilpin v. Howell, 5 Pa. 41.

A bill of particulars may be amended by the Commonwealth but only upon sufficient notice: Sadler's Criminal Procedure, 327.

*Louis E. Graham,* District Attorney, and with him *J. Blaine McGoun,* Assistant District Attorney, for appellee.

OPINION BY PORTER, J., March 2, 1923:

The defendant was convicted of selling intoxicating liquors and the sentence imposed was that authorized by the statute. The indictment was drawn in the general terms directed by the Criminal Code of 1860. The defendant moved the court for a rule upon the Commonwealth for a bill of particulars "specifying the date and hour of the alleged sale of liquor which the Commonwealth expects to prove under said indictment, together with a specification of the kind or kinds of liquor alleged to have been sold, the alcoholic contents thereof, the price or prices paid for the same, and to whom the defendant is alleged to have sold said liquor." The learned judge of the court below ordered the Commonwealth to file such a bill of particulars and the district attorney complied with this order. The defendant subsequently obtained an order of the court directing the Commonwealth to file a supplemental bill of particu-

lars "setting forth the quantities of liquor sold and the place or places where the same were sold," and the district attorney filed a supplemental bill of particulars complying with said order. The district attorney in filing the supplemental bill of particulars stated, "that said whiskey was sold at No. 286 Sixteenth St. in the Borough of Ambridge, County of Beaver, and State of Pennsylvania," although the written evidence which he then had in his possession (as stated in his paper-book) disclosed that the sale of liquor was made at No. 287 (instead of 286) Sixteenth Street in the said Borough of Ambridge. The witnesses for the Commonwealth testified at the trial that the sale of liquor was made at No. 287 Sixteenth Street, in the Borough of Ambridge, and the Commonwealth thereupon moved to amend the supplemental bill of particulars by substituting No. 287 Sixteenth Street for No. 286 and the court allowed the amendment. The first three assignments of error relate to the admission of evidence as to the sales at No. 287 Sixteenth Street; the refusal to strike out that evidence; and the order of the court allowing the amendment of the bill of particulars. The appellant challenges the authority of the trial court to allow the amendment of the bill of particulars, and thus raises the only question involved in the consideration of the first three specifications of error.

There are doubtless cases where it is proper that the defendant should have, under an indictment drawn as directed by the Criminal Procedure Act of 1860, a more particular specification of the accusation he may be called upon to defend against, otherwise he may be taken by surprise. It might have been entirely proper for the defendant in this case to have asked for a bill of particulars as to the borough within which, the day or days upon which and the person or persons to whom he had sold liquors, but this defendant asked for and the court below ordered the Commonwealth to furnish details of the evidence which the Commonwealth ought not

to be required to set forth in a bill of particulars. The court might well have refused to order the bill of particulars demanded by this defendant. "If, by a bill of particulars, was meant a specification of the evidence to be adduced by the Commonwealth, this the prisoner had no right to ask nor the court any right to direct": Com. v. Buccieri, 153 Pa. 547. The court below, however, made the order and the district attorney attempted to comply with it. We now have it seriously argued that because the evidence, in one detail, varied from the bill of particulars, the court was without authority to allow the latter to be amended, and that the court ought to have instructed the jury to render a verdict of not guilty. The office of a bill of particulars is to give the defendant such notice as he is entitled to have, of the nature of the offense with which he is charged. Prior to 1860 greater particularity was required in setting out the offense in the indictment. The Criminal Procedure Act of that year simplified indictments, but it was not the intendment thereof to make their brief and comprehensive terms a cover for snares to be sprung on the accused and the function of a bill of particulars is to prevent such a wrong. The bill of particulars is but supplementary to the indictment and is to be considered in connection therewith as a part of the pleading. Under the common law there could be no amendment of the material averments of an indictment when, upon the trial, there was a variance between them and the evidence. This defect in the law was remedied by the 13th section of the Act of March 31, 1860, P. L. 433, which authorized the courts, when on the trial of an indictment for felony or misdemeanor there appeared any variance between the statements of the indictment and the evidence offered in proof thereof, "in the name of any place mentioned or described in any such indictment......or in the name or description of any matter or thing whatsoever therein named or described......to order such indictment to be amended, according to the proof." In

the present indictment if the name of the place where
the offense was committed had been set forth in the
indictment (instead of the bill of particulars) it would
have been entirely proper for the court to have ordered
it to be amended, according to the proof: Myers v. Com.,
79 Pa. 308.  The remedy for any supposed hardships in
such a course is found in that provision of the thirteenth
section requiring in all amendments to be allowed that,
"It shall and may be lawful for the court before whom
the trial shall be had, if it shall consider such variance
not material to the merits of the case, and that the de-
fendant cannot be prejudiced thereby in his defense upon
such merits, to order such indictment to be amended,
according to the proof."  Thus a sound discretion must
be exercised by the court in each case upon its circum-
stances.  The action of the trial court, in such a case, is
only to be reversed for an abuse of discretion clearly
manifest: Rough v. Com., 78 Pa. 496.  The very purpose
of this statute would be defeated by holding that, while
an indictment drawn under its provisions could properly
be amended, the bill of particulars, which is but a supple-
mental pleading and is to be therewith construed, is not
the subject of amendment.  The courts cannot divest
themselves of the authority to allow amendments to the
pleadings in a proper case, nor avoid the duty so to do,
by requiring the Commonwealth to file a bill of particu-
lars setting forth the details of the evidence to be pro-
duced, and then holding that such a bill of particulars
may not be amended.  The same sound discretion must
be exercised by the court in allowing an amendment of
the bill of particulars as in allowing an amendment of
an indictment.  It may be said that the defendant is en-
titled to notice; that he ought to have an opportunity to
prepare his defense to meet the amendment.  The remedy
for this possible hardship is to be found in the provision
of the thirteenth section, above quoted.  If he has just
grounds to allege that he is surprised by the amendment
he may ask for the withdrawal of a juror and the continu-

ance of the cause, or for a new trial, after a verdict, and in passing upon such motions the trial court exercises a judicial discretion, which is subject to review for abuse. We find no abuse of discretion in this case and the first three assignments of error are dismissed.

The evidence was such as to warrant a conviction and the defendant was not entitled to binding instructions in his favor. The trial having resulted in a verdict of guilty the jury had nothing to do with the disposition of the costs, and the assignment of error as to that part of the charge referring to the disposition of costs is without merit. All the assignments of error are dismissed.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.