## Com. of Pa. *v.* Streets, Appellant.

Argued March 12, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

66

*Elgin E. Weest,* for appellant.

*William R. Toal,* Assistant District Attorney, and with him *Wm. J. MacCarter, Jr.,* District Attorney, for appellee.

OPINION BY KELLER, J., April 16, 1934:

After a fair trial, of which appellant makes only one complaint, he was convicted of (1) assault with intent to rape and (2) statutory rape. A true bill was returned by the grand jury on September 20, 1933 in which it was charged that the offenses aforesaid were committed on April 27, 1931, more than two years prior to the finding of the true bill. The defendant did not move to quash the indictment, as he might have done, but when the case was called for trial on October 13, 1933 pleaded not guilty and not guilty under the statute of limitations. The district attorney then informed the court that the Commonwealth's evidence would show that the act occurred on April 27, 1933 instead of April 27, 1931, as laid in the indictment, and that the date, 1931, was an error, and moved to amend the indictment so as to make it conform with the facts which the Commonwealth expected to prove. The defendant's attorney objected to the amendment, but made no motion for a continuance on the ground of surprise, or unpreparedness to proceed. The

amendment was allowed, the trial proceeded and the defendant was convicted. He then moved the court to arrest the judgment on the sole ground that the court had permitted the indictment to be amended so as to change the date of the offense from April 27, 1931 to April 27, 1933. The court below refused to arrest the judgment and the defendant has appealed.

We are of the opinion that sections 11, 12 and 13 of the Criminal Procedure Act of March 31, 1860, P. L. 427, justified the amendment.

In Com. v. Tassone, 246 Pa. 543, 92 A. 713, the indictment charged the murder to have been committed on October 31, 1914, which was six months after the date of trial. The defendant was convicted and six days thereafter, April 27, 1914, his counsel made a motion in arrest of judgment on the ground that the indictment on which he had been found guilty charged the offense as having been committed more than six months after the trial. On May 20, 1914, on motion of the district attorney the court permitted the indictment to be amended by changing the date of the offense to October 31, 1913, and subsequently the judgment appealed from was entered on the verdict. The Supreme Court, after discussing the rule at common law and its amendment in England in 1851, by Statute 14 and 15 Vict. c. 100, which permitted amendments to the indictment to correspond with the proof on trial as to names, dates, matters and circumstances not material to the merits of the case and "by the misstatement whereof the person on trial cannot have been prejudiced in his defense" went on to say: "The reason set forth in the foregoing preamble led less than ten years later to our Act of March 31, 1860, P. L. 427, permitting amendments of indictments in all cases. By the 12th and 13th sections of that act the power of a trial court to direct the amendment of an indictment is given in broadest terms and may be exercised whenever 'there shall appear to be any vari-

ance between the statement of the indictment and the evidence offered in proof thereof,' provided that the court shall consider the variance not material to the merits of the case and that the defendant cannot be prejudiced in his defense upon such merits; 'and every verdict and judgment which shall be given, after making such amendment, shall be of the same force and effect, in all respects, as if the indictment had originally been in 'the same form as it was after the amendment was made.' But it is urged that the amendment in the present case, having been made after verdict, was too late. This overlooks what was required of the prisoner by the 11th section of the same act, which provides that 'Every objection to any indictment for any formal defect, apparent on the face thereof, shall be taken by demurrer, or on motion to quash such indictment, before the jury shall be sworn, and not afterward; and every court before whom any such objection shall be taken for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended in such particular by the clerk or other officer of the court, and thereupon the trial shall proceed as if no such defect appeared.' When the prisoner was arraigned and the indictment was read to him, he heard that it charged him with having committed the murder on October 31, 1914,—an impossible date—but he made no motion to quash and on his plea of not guilty permitted the trial to proceed on its merits. If he had moved to quash before the jury were sworn, 'The court could then have taken care of the interests of the public by sending back the indictment to the grand jury, if in session, for amendment; or, if not, could have held the defendant to answer a fresh indictment. But after going on to trial, when the jury could not be safely discharged, the power to amend comes in aid of justice, to prevent a failure. Then the last provision of the 13th section is, that ''every verdict and judgment which shall be given,

after making such amendment, shall be of the same
force and effect, in all respects, as if the indictment
had originally been in the same form in which it was
after such an amendment was made" ': Rough v. Com-
monwealth, 78 Pa. 495 ...... A misstatement in an
indictment of the date of the commission of a crime
is a mere formal defect if it be shown on the trial that
the offense charged had been committed: Common-
wealth v. Major, 198 Pa. 290; Commonwealth v. Powell,
23 Pa. Superior Ct. 370. The wrong date disclosed in
the indictment returned by the grand jury in this case
having been a mere formal defect, it was cured by
the amendment clearly allowable under the Act of
March 31, 1860, and there is, therefore, no merit in
the main contention of learned counsel for the pris-
oner," and affirmed the action of the court below.

In Com. v. Bishop, 71 Pa. Superior Ct. 255, we af-
firmed the action of the court below in permitting the
district attorney to amend the indictment by substi-
tuting, September 15, 1915, a date more than two years
before the finding of the indictment, instead of April
2, 1917, as laid therein, being within two years—the
converse of this case—stating however that the amend-
ment was not necessary; this, on the authority of
Blackman v. Com., 124 Pa. 578, 17 A. 194, which held
that, in a case where time was not of the essence of
the crime, an indictment alleging the offense to have
been committed within two years may be supported
by proof that it was committed more than two years
before the finding of the indictment, if followed by
proof that defendant was not a resident of this State
for two years preceding the indictment.

As before pointed out, the defendant might have
moved to quash the indictment: Com. v. Bartilson,
85 Pa. 482, 486, 488; Com. v. Ruffner, 28 Pa. 259; Com.
v. Werner, 5 Pa. Superior Ct. 249. Not having done
so, and having gone to trial on the pleas of not guilty
and not guilty under the statute of limitations, those

pleas were to be decided upon the evidence produced at the trial, and that evidence showing that the offense was committed on April 27, 1933, within two years of the date of the finding of a true bill, and the commission of the offense having been established to the satisfaction of the jury beyond a reasonable doubt, he has no ground upon which to ask that the judgment be arrested.

If the defendant was unprepared to go to trial by reason of the change in the date in the indictment, the case, on his motion, would have been continued. In no other respect could he have been harmed or prejudiced in his defense by the amendment. The crime charged against the defendant in this case was not one where time entered into the nature of the offense and, therefore, it was not necessary to prove the exact time alleged in the indictment. See also, as having some bearing on the question, Com. v. Ryhal, 274 Pa. 401, 409, 118 A. 358; and Com. v. Coleman, 60 Pa. Superior Ct. 512, 517; and the opinion by the late President Judge SWARTZ of the 38th Judicial District, in Com. v. Frye, 36 Montgomery Co. Law Reporter 327, where the facts were almost on all fours with this case.

The assignments of error are overruled and the judgment is affirmed and it is ordered that the appellant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part thereof which had not been performed at the time the order of supersedeas was granted.