Commonwealth *v.* Spanos, Appellant.

548

Argued November 15, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, HIRT, KENWORTHEY and RENO, JJ. (RHODES, J., absent).

*John F. Haggerty,* with him *James F. Callahan,* for appellant.

*Jacob E. Kalson,* Assistant District Attorney, with him *T. F. Ashford* and *Russell H. Adams,* District Attorney, for appellee.

OPINION BY RENO, J., December 9, 1943:

Appellant, a physician, was convicted of performing an abortion. The Commonwealth established that the pregnant woman, Agnes Tessaro, visited appellant's office several times and that he examined her, prescribed drugs for her and used instruments upon her which resulted in the passing of a foetus at the home of a friend, Dorothy Adams, after which appellant attended her at the Adams home. Appellant admitted that he had treated the pregnant woman, and his defense was that the purpose of his treatments was to prevent a miscarriage, not to induce one, and to care for conditions resulting from the miscarriage. The sufficiency of the evidence to sustain the conviction was not challenged in the argument before us, and a further outline of the testimony is not necessary.

The indictment charged that the offense was committed on January 7, 1943. It was based on an information sworn to by a detective on January 5, 1943. Obviously, laying a crime two days *after* the date of the information was merely a clerical error. At the trial, after the Commonwealth's evidence was in and before the appellant opened his case, the court, over his objection and exception, amended the indictment to conform with the proof by stating the dates as December 5, 6 and 7, 1942. By that time, it had become

apparent from the nature of appellant's cross-examination of the Commonwealth's witness that he would admit that he had treated Agnes Tessaro, would not allege an alibi, and that his defense was that already stated. Consequently, his defense was not prejudiced by the amendment. Moreover, before the court allowed the amendment, it heard a detective who testified that in appellant's presence, before the police magistrate, he stated that the time of the offense was December 5, 1942. Thus, apart from the information and indictment, appellant had knowledge of the Commonwealth's position on the matter of the date.

However that may be, the power of the court to amend an indictment is not open to debate. The Act of March 31, 1860, P. L. 427, §13, 19 PS §433, authorizes a trial court to amend an indictment whenever "there shall appear to be any variance between the statement of such indictment and the evidence offered in proof thereof, ...... if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense upon such merits." Under this statute, after a conviction for murder, an indictment which erroneously charged the crime as having been committed six months after the trial was amended to conform to the proof at the trial: *Com. v. Tassone,* 246 Pa. 543, 92 A. 713. See *Com. v. Streets,* 113 Pa. Superior Ct. 65, 172 A. 31, for a full discussion of the question by President Judge KELLER and additional authorities.

Appellant complains because he was not permitted, upon the cross-examination of Agnes Tessaro, to show "that she was incarcerated in the Allegheny County Workhouse for sixty days immediately following her release from the Mercy Hospital [to which she had been confined after the miscarriage] for disorderly conduct and suffering from alcoholism." The announced purpose was to impeach her credibility. She could not

be impeached in that manner. A witness, who is not a defendant in a criminal prosecution, may be examined concerning a prior conviction but only if the crime for which he was convicted bears some relation to veracity-character. Only convictions for felonies or misdemeanors in the nature of crimen falsi are relevant to show lack of the moral quality of truth-telling: *Com. v. Quaranta*, 295 Pa. 264, 145 A. 89; *Marshall v. Carr*, 271 Pa. 271, 114 A. 500; *Com. v. Williams*, 307 Pa. 134, 160 A. 602; *Com. v. Keegan*, 70 Pa. Superior Ct. 436; *Com. v. Fotti*, 93 Pa. Superior Ct. 365; *Com. v. Cauffiel*, 97 Pa. Superior Ct. 202; *Com. v. Arcurio*, 92 Pa. Superior Ct. 404. Judge O'TOOLE succinctly stated the principle in a neat sentence: "You can be disorderly and your word still is good."

This case must be distinguished from our recent decision in *Com. v. Mueller*, 153 Pa. Superior Ct. 524, 34 A. 2d 321. There, defendant in examining his own witness elicited from her the statement that she was employed at a candy factory "since I've been out." The Commonwealth was then permitted by cross-examination to show that she had "come out" of the Allegheny County Workhouse, and had been confined there after conviction for prostitution and assignation. The cross-examination was allowed "in the circumstances of this case", because her sexual-character was put directly into issue after she denied that she had had a conversation, testified to by Commonwealth's witnesses, which could only have occurred if she was in fact a prostitute.

Six assignments of error direct our attention to specified and quoted portions of the charge of the court, and one assigns error to the entire charge. At the conclusion of his charge, the trial judge said: "Now, Gentlemen, I will be glad to correct any inadequacy or any inaccuracy in this charge. Is there anything, gentlemen?" To this, appellant's counsel responded: "No, Your Honor. I wish you would grant me an exception

to the whole of the charge." A general exception was granted. No exception was taken to any portion of the charge. It has been repeatedly held that a party may not sit silent and take his chances on a verdict, and, if it is adverse, complain of a matter which, if error, could have been rectified if the attention of the trial judge had been called to it: *Com. v. Campbell*, 116 Pa. Superior Ct. 180, 176 A. 246. Moreover, isolated excerpts from a charge, although made the basis of assignments of error, will not be considered on appeal where only a general exception has been taken to the charge, but the charge will be considered as a whole: *Rodgers v. Fleming*, 325 Pa. 228, 188 A. 861. "We have repeatedly held that when the errors in the charge are not basic and fundamental they must be made the subject of specific objections and cannot be complained of under a general exception to the charge": *Medvidovich v. Schultz*, 309 Pa. 450, 453, 164 A. 338. Nevertheless, we have considered the excerpts of the charge but we can discern nothing in them which could have prejudiced appellant. When read in the context in which they appear, and the charge as a whole is considered, they furnish no basis for just complaint. For example, appellant complains in one assignment of error of the portion of the charge in which the trial judge referred to the testimony of Dorothy Adams, who testified that she assisted appellant while he was using instruments upon the body of Agnes Tessaro. The learned judge commented in part: "I call your attention to the fact that she [Dorothy Adams] was, in substance, making a frank avowal of guilt and you have a right to consider whether or not a person would take the stand and condemn herself as she condemned herself unless those things so damaging to her which she freely relates were in a large sense true. When a person makes an admission, an admission involving guilt on her part, is there not in right reason—of course it is a question for you entirely—a stronger probability that her admissions

are true than there would be if she was saying something to her own credit ...... So, consider that, this woman taking the stand and making an admission against her own interest. Would she do that for any reason except that it is true or does she have some other reason?" Standing alone this might possibly have been open to the objection that it was an argument for the credibility of a Commonwealth's witness. But in the very next sentence the judge said: "Likewise, in connection with the testimony of Dorothy Adams ...... while the jury is perfectly within its right in convicting any person of an offense such as this upon the uncorroborated testimony of an accomplice, ...... you will be careful about doing so and you should scrutinize with extreme care the testimony of a person who is in effect the accomplice of a defendant because, as you realize, it comes from not the best source and is to be accepted as true with caution and only after careful scrutiny. However, after you give the testimony of an accomplice careful scrutiny and feel in the exercise of reasonable and extreme prudence and caution you are justified in accepting it, then you have a perfect right to do so and that testimony is sufficient to convict." Taken together, the entire paragraph is a proper statement of the consideration due by the jury to the testimonial qualifications of Dorothy Adams, and is not subject to just criticism. The other excerpts are of the same pattern.

The general exception does require us to consider the entire charge and if basic or fundamental errors appear it must be condemned: *Com. v. Scherer,* 266 Pa. 210, 109 A. 867. Considered in its entirety, as it must be, *(Com. v. Stelma,* 327 Pa. 317, 192 A. 906) we cannot find such errors. It was a fair and comprehensive charge; the testimony was impartially reviewed; the issues of fact were accurately stated; and the applicable principles of law were competently expounded. There is no merit in the assignment of error.

All the assignments of error are overruled; the judgment is affirmed; and it is ordered that appellant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part thereof which had not been performed at the time the order of supersedeas was granted.