## Commonwealth v. Karpinski

*Donald W. Vanartsdalen,* district attorney, for Commonwealth.

*J. Leslie Kilcoyne,* for defendant.

BIESTER, P. J., March 30, 1955.—On August 2, 1954, one Helen L. Stumpf lodged a complaint against defendant before one of the justices of the peace of this county.

In the language of the complaint defendant is charged with having *on or about August 2, 1954,* violated "Section 612 of the Penal Code of June 24, 1939, P. L. 872, Public Nuisance: Whoever erects, sets up, establishes, maintains, keeps up or continues, or causes to be erected, set up, established, maintained, kept up or continued, any public or common nuisance, is guilty of a misdemeanor. The nuisance the defendant is being charged with is the blasting of Janney Quarry. The said blasting does material damage to the property of the affiant and nearby properties and also is injurious to their health and welfare. On Aug. 2nd, 1954, the blast of 7:40 A.M. endangered the life of Grace Lenney who just returned from the hospital,

with a severe heart condition. Due to the blast Grace M. Lenney is suffering from shock."

The language of the transcript adds nothing to the complaint as to the specific nature of the charges against defendant.

On November 8, 1954, the grand jury returned a true bill against defendant, charging that on August 2, 1954, and "divers other times within two years last past", defendant "did maintain a public and common nuisance in that he did cause loud and repeated explosions and blasts to take place in a certain quarry, known as the Janney Quarry, to the great annoyance, damage and injury to the health, safety and welfare of the citizens and public in the vicinity thereof, contrary to the form of the act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

Defendant has moved to quash the indictment on the basis of variance between the information and the indictment, in that the indictment is said to deviate from the language of the information in two vital particulars.

The first variance complained of is the allegation in the bill of indictment that the alleged offense was committed on August 2, 1954, and "divers other times within two years last past", whereas the prosecutrix complains that the offense occurred on but one specific day.

We are in agreement with the views expressed in Commonwealth v. Hamilton, 52 D. & C. 485, in which case the indictment was quashed because the common nuisance offense there alleged was said to have occurred on a single and specific date. The court there says (page 486): ". . . to sustain a conviction for any type of 'common nuisance', there must be proof that defendant's misconduct was so frequent or habitual that it disturbed the peace and repose of the

neighborhood or tended to debauch the morals of the people of the neighborhood and that there is a likelihood that such misconduct will be repeated by defendant at any time. It follows, therefore, that an indictment for any type of 'common nuisance' which alleges that the misconduct complained of happened on only one certain day is fatally defective and will be quashed."

Being in accord with this opinion the problem arising is the right of the Commonwealth to rectify a deficiency in the record of the justice of the peace, by adding the phrase "and divers other times within two years last past."

Such a situation is to be distinguished from that involved where the Commonwealth seeks to amend the date alleged in the bill of indictment, in order that allegata conform to the probata, under which circumstances sections 11 and 12 of the Criminal Procedure Act of March 31, P. L. 427, 19 PS §§431, 433, permit the amendment: Commonwealth of Pa. v. Streets, 113 Pa. Superior Ct. 65, 67; Commonwealth v. Liebowitz, 143 Pa. Superior Ct. 75; Commonwealth v. Syren et al., 150 Pa. Superior Ct. 32, 44; Commonwealth ex rel. De Poe v. Ashe, Warden, 167 Pa. Superior Ct. 23, 25.

In that type of case the variance permitted is for the purpose of changing the date from that set forth in the information to the proper date, whereas in the present instance the addition of the phrase hereinbefore referred to has the effect of creating an offense which the record of the justice of the peace fails to aver was committed.

Neither is this the type of case in which an indictment charges an offense technically at variance to that charged in the information, but nevertheless defendant is informed by the complaint in appropriate language that he is chargeable with the criminal acts

constituting the offense laid in the bill of indictment. In such cases a variance between the bill of indictment and information is permitted. See Commonwealth v. Hinchcliff, 31 Erie 488; Commonwealth ex rel. v. Sherman, 72 D. & C. 66; Commonwealth v. Robertson, 47 Pa. Superior Ct. 472, 475.

Both of the rules hereinbefore set forth permitting variance are subject to the over-all limitation expressed in Commonwealth v. Musto, 348 Pa. 300, to the effect that "a complaint or information must contain all the essential elements of the offense sought to be charged, and, if it fails in this respect, it is not sufficient that the indictment supply them."

It is our conclusion that the addition of the phrase "and divers other times within two years last past" constituted such an attempt to supply a deficiency, and that we are, therefore, constrained to quash the bill of indictment.

The second variance of which defendant complains is that arising out of the appropriate, formal language adopted by the district attorney in the bill of indictment alleging a public and common nuisance, whereas it is said that the information charges defendant with being guilty of a private nuisance, not indictable under the act of assembly.

Since we find the first variance, heretofore alluded to, requires us to quash the indictment, there appears to be no necessity of our passing upon the second variance and its effect. We may say, however, that the objection to this variance is, at least, of doubtful merit.

Now, to wit, March 30, 1955, the bill of indictment charging Edward Karpinski with the offense of maintaining a public nuisance as of November sessions, 1954, no. 21, is hereby quashed.