## Commonwealth *v.* Bolan, Appellant.

*Appeal—Assignment of error—Admission of evidence—Charge of court—Exceptions—Failure to take exceptions.*

Assignments of error as to the ruling of the court upon admission of evidence and as to instruction given in the general charge must be supported by an exception taken in the court below, to be subject to review upon appeal.

*Appeals—Assignments of error — Charge — Points—Request to place on record—Exceptions—Additional instructions—Failure to ask—Rule for new trial—Reason for new trial.*

Where a defendant at a trial takes no exception to the charge, asks for no additional instructions, although given an opportunity to do so, and fails to request that the charge and points be brought upon the record, he cannot nullify the legal results of such omissions by attempting to raise in the appellate court several questions presented to the court below, on a motion for a new trial, and by assigning the refusal of that motion for error.

Argued April 12, 1922. Appeal, No. 298, Oct. T., 1921, by defendant, from judgment of Q. S. Montgomery County, Feb. T., 1921, No. 34, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Michael Ciamti, Harold Bolan, James Rizzo, and Abraham Gasson. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for felonious entry, larceny and receiving stolen goods. During the trial the prosecution abandoned as to the defendant the count of receiving stolen goods. Before SULLEY, P. J., orphans' court, specially presiding.

The appellant, along with three others was charged with having broken into a freight car and having stolen therefrom certain cases of merchandise which were transported by truck to Philadelphia and there discovered in the storeroom of the defendant's father.

Verdict of guilty from which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, and refusal to grant a new trial.

*William A. Gray,* for appellant.—It is error for a trial judge, in charging the jury, to assume as a fact what has not been proven by the evidence: Com. v. Bober, 59 Pa. Superior Ct. 573. Possession of stolen goods raises the presumption of larceny: Com. v. Brown, 71 Pa. Superior Ct. 575, but not under all circumstances, 25 Cyc. 136.

*Aaron S. Swartz, Jr.,* and with him *John M. Dettra, Samuel H. High, Montgomery Evans, Frank X. Renninger,* District Attorney, for appellee.—Assignments of error as to the charge, must be based upon exceptions, to be subject to review upon appeal: Com. v. Johnston, 44 Pa. Superior Ct. 218; Brown v. Pitcairn Boro., 47 Pa. Superior Ct. 413; Act of May 11, 1911, P. L. 279, section 2; Com. v. Duffy, 49 Pa. Superior Ct. 344.

OPINION BY PORTER, J., July 13, 1922:

The first assignment of error is to a ruling of the court on the admission of evidence; the second, third, fourth, fifth and sixth to certain instructions given in the general charge. No one of these assignments is supported by an exception taken in the court below, nor did the appellant seek additional instructions on the questions now attempted to be raised; nor did he request that the charge and points be brought upon the record. They all involve questions arising upon the evidence, and, therefore, in the absence of exception before a verdict they are not subject to review on appeal: Com. v. Johnston, 44 Pa. Superior Ct. 218; Ward v. Babbitt, 270 Pa. 370. Under the circumstances presented, we need not pass specifically on these several assignments of error; an

investigation of the record, however, discloses no reversible error.

The appellant seeks to escape the legal results of the omissions just mentioned by an attempt to raise in this court several questions presented to the court below on a motion for a new trial, to the refusal of which the court below did grant an exception, and by assigning the refusal of that motion for error. "Appellant, having failed to take any exception to the direct action of the court, attempted to evade the result of his omission by making the rulings the subject of a motion for a new trial, and then excepted to the refusal of the court to sustain this motion and assigns such refusal as error; this is a practice which cannot be approved or permitted": Bank of Mifflintown v. Bank of New Kensington, 247 Pa. 41; Maculuso v. Humboldt Fire Insurance Co., 271 Pa. 489. We are not convinced that there is any merit in this appeal which would warrant us in disregarding the well established rules of practice, and the specifications of error are dismissed.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.