# Commonwealth *v.* Di Angelino, Appellant.

*Criminal law—Appeals—Absence of defendant's counsel at trial—Record—Presumption of regularity.*

Where, on an appeal from a conviction for keeping a disorderly house, the defendant claimed that he was forced to trial without his counsel, who was ill, and that notice thereof was conveyed to the court, but the record failed to disclose that these were the facts, the appeal will be dismissed.

The appellate court will not consider matters which do not appear of record. If the record be incomplete or incorrect, amendment or correction must be sought by appropriate proceedings, rather than by impeachment at the argument in the appellate court.

In the absence of anything to the contrary, the presumption is that everything proceeded according to law at the trial, and that defendant's rights were fully protected.

Argued March 8, 1926.    Appeal No. 23, October T., 1926, by defendant, from judgment of M. C. Philadelphia County, September T., 1925, No. 365, in the case of Commonwealth of Pennsylvania *v.* Tony Di Angelino. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.    Affirmed.

Indictment for keeping a disorderly house.    Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.    Defendant appealed.

*Error assigned* was the refusal of defendant's motion for a new trial.

*Herbert W. Salus,* for appellant.

*Stuart L. Kirk,* Ass't. District Attorney, and with him *Charles Edwin Fox,* District Attorney, for appellee.

OPINION BY TREXLER, J., April 19, 1926:

The defendant was indicted for keeping a disorderly house. "The evidence produced at the trial is not before us, and we can, therefore, consider only the record proper which consists of the indictment, the pleadings, the issue thereby formed and the verdict." Commonwealth v. Greevy, 75 Pa. Superior Ct. 116, sc. 271 Pa. 95, 99.

The appellant's statement of question involved sets forth that "the defendant's constitutional rights are violated when he is forced to trial, in a criminal case, without his counsel, his counsel suddenly having become ill and notice thereof having been conveyed to the court and the court having failed to instruct the defendant that he could have an opportunity to procure other counsel ......for him to assist him in his defense, if desired." The answer to this is that there is no proper record before us showing that these things occurred.

The record failing to show what occurred at the trial, the appellant could have taken proper means to supply what was wanting. "If incomplete or incorrect, amendment or correction must be sought by appropriate proceedings, rather than by impeachment on the hearing in the appellate court 4 C. J. 512, Woodward &Williamson's Assessment, 274 Pa. 567.

Waiving this and considering the opinion of the court below, which is the only matter referred to in the paper book as sustaining the appellant's statements, we find that we cannot, for anything that appears therein, convict the lower court of any abuse of discretion in refusing a new trial. The trial judge states, "The case came on to be tried on November 12, 1925, when it appeared that no name of any attorney claiming to represent the defendant appeared endorsed upon the bill of indictment. At the trial, when the defendant was arraigned he stated that a Mr. Salus

was his attorney, but it also appeared that no engagement slip of the said Mr. Salus appeared among the papers in the case. The trial Judge asked the Assistant District Attorney what his wishes were, and the Assistant District Attorney requested that the trial be proceeded with immediately. Whereupon the case proceeded to trial, the defendant taking the witness stand, which trial resulted in a verdict of guilty. No affidavit or no testimony appears of record showing that the said Herbert W. Salus represented the defendant, nor does it appear of record that the said attorney was engaged elsewhere, or for any other reason was unable to be at the trial. Although not appearing of record, it is the recollection of the trial Judge that subsequent to the conviction, and on the same day, the Assistant District Attorney trying the case stated to the Court that there was a memorandum on his private list that the said Herbert W. Salus was ill, without requesting a continuance of the case, but no evidence appears of record what the nature of said illness was, nor that he was incapacitated to attend the trial.''

The other allegations above set forth in the appellant's statement of questions involved, being entirely unsupported by proof of their verity, require no attention. The presumption is that at the trial everything proceeded according to law, and that the defendant's rights were fully protected.

The assignments of error are overruled. The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.