# Commonwealth *v.* Portner, Appellant.

*Criminal    law—Narcotic    drugs—Evidence—Sufficiency—Trials—Right to be represented by counsel.*

On the trial of an indictment for the possession of narcotic drugs the appellant, with other defendants, was found guilty on all of the indictments. From the record it appeared that before the trial commenced it was announced to the court that the appellant was represented by counsel, who at the time was absent from court in attendance at the state legislature. No appearance had been entered by counsel, nor had a retainer slip been filed, in accordance with the practice of the court. There was no record evidence, therefore, of the engagement of the counsel referred to, nor did it appear that any communication was had between him and the appellant, although a period of several weeks elapsed between the arrest and the trial. Witnesses were present from a distance to testify for the Commonwealth and the cases were regularly called before the court for trial.

From a statement of the evidence the defendant was present at the various sales of narcotic drugs, had introduced the witnesses for

the Commonwealth to a person dealing in such drugs and had admitted his participation in these transactions.

The defendant testified in his own behalf and there were no other witnesses who could testify to relevant and material facts, and there did not appear from the evidence anything tending to show the innocence of the accused.

Under such circumstances a new trial, on the ground that the defendant was denied his constitutional right to be represented by counsel, was properly refused.

Argued October 4, 1927. Appeals Nos. 151, 152, 153 and 154, October T., 1927, by defendant in judgment of Q. S., Philadelphia County, March T., 1927, Nos. 230, 231, 232 and 233, in the case of Commonwealth of Pennsylvania v. Charles Portner. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for unlawful possession and sale of narcotics. Before McDEVITT, J.

The facts as stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* among others were in proceeding with the trial in the absence of defendant's counsel and refusal to grant a new trial.

*Abraham Wernick,* of *Evans and Wernick,* for appellant.

*Michael A. Foley,* Assistant District Attorney and with him *Charles Edwin Fox,* District Attorney, for appellee.

OPINION BY HENDERSON, J., December 15, 1927:

The appellant and Harry Cohen were charged in three indictments with having in their possession and

under their control quantities of narcotic drugs, to wit, morphine and cocaine, and in a fourth indictment with conspiracy to sell, deliver, distribute and traffic in said drugs. The appellant was arrested in February, 1927; the indictments were returned March 10, 1927, and the defendants were called for trial five days later. The cases were tried together on all of the indictments before the same jury. The defendant Cohen pleaded guilty. The appellant was not represented by counsel at the trial. A verdict of guilty was returned against him on each of the indictments on March 16, 1927. On March 29, a new trial was applied for nunc pro tunc, which was refused. The appellant now complains (1) That the court erred in requiring the appellant to go to trial in the absence of counsel; (2) In submitting the four cases to one jury and (3) In refusing a new trial on the ground that the defendant was enticed into the commission of the crimes by detectives.

The evidence taken at the trial is not before us but an agreed statement of facts as disclosed by the record and evidence, signed by the assistant district attorney who tried the case, and the defendant's counsel, has been filed in the case, from which it appears that before the trial commenced it was announced to the court that the appellant was represented by Max Aron, Esq., as counsel, who was at the time not present in court but was at Harrisburg in attendance at a session of the State Senate of which he was a member. No appearance had been entered by Mr. Aron on the indictments, nor had a retainer slip been filed, in accordance with the practice in the court. There was no record evidence, therefore, of the engagement of the counsel referred to, nor does it appear that any communication was had between him and the appellant, although a period of several weeks elapsed between the arrest and the trial; nor was any information given to the district attorney's office or to the court that counsel had been engaged as alleged. Witnesses were present from

a distance to testify for the Commonwealth and the cases were regularly before the court for trial. The appellant contends that his right to be heard by counsel secured by Article I of section 9 of the State Constitution required that he should have time to procure the presence of the counsel said to have been engaged and the case of Com. v. Jester, 256 Pa. 441 is relied on to sustain the position contended for. It will be observed that in the case cited the defendant was indicted for a felony of high degree and that there was an appearance entered by his attorney who was absent on account of sickness, and that the case was called the second day after the indictment was found. On the state of facts thus briefly recited the court said: "Considering the serious nature of the charge against defendant, the short time intervening between his arrest and trial, and the absence of an opportunity to properly prepare and present a defense and procure the attendance of witnesses, if he had any, it cannot be said he was accorded the right to be heard by himself and counsel, in accordance with his constitutional rights." It was considered that having engaged an attorney to represent him the defendant would naturally assume his rights were being properly safeguarded and that his attorney at least would have knowledge of the purpose for which he was taken from prison. The defendant testified in his own behalf and it does not appear from the record that there were any witnesses who would testify to relevant and material facts tending to show the innocence of the accused. The action of the court is supported by Com. v. Di Angelin, 87 Pa. Superior Ct. 585, in which the same subject was under consideration. Moreover, it does not appear that the appellant had any defense in the cases tried. It appears from the statement of facts he was acquainted with Cohen and introduced him to one or more of the Commonwealth's witnesses as a person who was dealing in nar-

cotic drugs and could supply them with what they wanted; that he, in company with Cohen, met two or more of the Commonwealth's witnesses, at different times, when narcotic drugs were sold to the latter in various quantities, the aggregate amount of which sales was equal to two hundred and fifty thousand normal doses of such drugs. He appears to have been present on each occasion when drugs were sold and the evidence for the Commonwealth was that, when placed under arrest, he admitted his participation in the transactions. On the face of the record as presented we are not convinced that the defendant was prejudiced by the action of the court.

There was no error in submitting the four indictments to one jury. The offenses were misdemeanors of the same character committed in succession by the same defendants in the same circumstances, in the presence of the same parties. All of the transactions could have been introduced in the first indictment tried to show knowledge and intent and no advantage should have resulted to the defendant by trials before separate juries.

The contention that a new trial should have been granted because the appellant was enticed into the commission of the crimes charged is without merit. Nothing on the record gives support to it. There is no denial that the appellant introduced Cohen to the Commonwealth's witnesses and that he was present when several sales of drugs took place. He was active in all the transactions, according to the agreed state of facts, and, even if his participation in the transactions took place at the instigation of the detectives, that would be no defense to the indictments. The subject was recently discussed at length in the case of Com. v. Earl et al., 91 Pa. Superior Ct. 442, with the conclusion adverse to the position taken by the appel-

lant; a re-statement of the argument is not, therefore, now necessary. We are not persuaded that the refusal of a new trial in the circumstances was an abuse of discretion on the part of the trial court, and the assignments are overruled and the judgment is affirmed.