Commonwealth *v*. Wiener, Appellant.

Argued December 12, 1939.

586

KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*James F. Masterson*, with him *David Freeman*, for appellant.

*Edwin K. Kline*, Assistant District Attorney, with him *John L. Cutshall*, District Attorney, for appellee.

OPINION BY HIRT, J., January 30, 1940:

Defendant was tried and convicted on two charges of fraudulent conversion under the Act of May 18, 1917, P. L. 241, 18 PS 2486. Motions in arrest of judgment and for a new trial were denied and the defendant was sentenced.

One of the errors assigned is the refusal of the court to grant a continuance of the trial of the case. On the face of the record there is nothing to indicate that the constitutional rights of the defendant were violated by the refusal of a continuance or that the lower court abused its discretion. On the contrary from the record before us, it appears that the trial was postponed to a day convenient to defendant's counsel at his request, and on that day new counsel appeared for the defendant who went to trial without objection: *Com. v. Portner*, 92 Pa. Superior Ct. 48.

The trial of this case, except the charge of the court,

was not stenographically reported and we have before us only a brief stipulation of facts. As to Bill 113, from the facts as stipulated, it appears that defendant negotiated a loan for the prosecutor Steven Cenchitz and his wife, with their automobile as security. For this purpose the automobile was considered the property of Turner Street Auto Company, represented by defendant, and a lease agreement was entered into with that company by which Cenchitz agreed to pay the Auto Company in monthly payments in the form of rentals, a total of $774. To negotiate a loan in that amount the Auto Company assigned the lease to General Acceptance Corporation. From the total amount loaned, this finance company deducted its charges of $141 and delivered its check for $663 to the Auto Company. From the proceeds of this check the defendant paid off a former encumbrance and gave the prosecutor $200 leaving $123.75 in his hands. This balance the defendant retained alleging that he was entitled to $38 for his charges in connection with the loan and that the prosecutors had authorized him to retain the remaining $85.75 to repay him for expenses incurred in obtaining a bail bond for the appearance of the prosecutor in court on a criminal charge then pending. These last two items are the only ground for serious dispute, for the prosecutor by the terms of his written lease agreed to deductions of $141 as the cost of obtaining the loan, and this amount never came into the possession of defendant. The prosecutor admitted that the cost of obtaining a bail bond for him was $85 but testified that he himself had paid this charge. Whether $38 was an item of expense in securing the loan as stated in the lease, or was converted by the defendant on that pretext, was a question for the jury. As to Bill 112, according to the stipulation, the prosecutor delivered to defendant an insurance policy which had originally cost him $38 with the understanding that the defendant was to have the policy cancelled and

turn over to the prosecutor the cash received. The surrender value according to the testimony was but $6.15 and this the defendant applied on an open account with the prosecutor. Cenchitz maintained that he had paid the account and charged the defendant with the conversion of this small sum. Whether the defendant converted $123.75 on the one charge and $6.15 on the other were questions for the jury and in refusing motions for a new trial we are unable to find an abuse of discretion, even though we might have come to a different conclusion if we had been triers of the facts: *Com. v. Ramstedt,* 113 Pa. Superior Ct. 548, 173 A. 772.

At the trial no exception was taken to the charge or to any of the rulings of the court (*Com. v. Bolan,* 79 Pa. Superior Ct. 52) and since we do not have the evidence before us on this appeal, the presumption is that the trial proceeded according to law and that the defendant's rights were fully protected. We are confined to the record before us: *Com. v. Di Angelino,* 87 Pa. Superior Ct. 585. But considering the remaining assignments as though supported by exceptions in the record, we find no merit in them. The failure of the court to instruct on the subject of fraudulent intent is not error for if there are circumstances from which a fraudulent conversion may be inferred, intent is implied. The charge on the subject of reasonable doubt, also, was adequate in a case of this nature: *Com. v. Berney,* 262 Pa. 176, 105 A. 54. If requested, the court undoubtedly would have amplified the instructions. The stipulation applicable to the remaining exception is that, "During the trial, when the question of a bail bond premium arose, the judge interrupted the trial to instruct the District Attorney to investigate this bail transaction, and further remarked that the court would not countenance the practice of professional bondsmen in the county, or some such similar words." No exception was taken to this statement of the court, the remarks were not placed upon

the record and there was no motion for the withdrawal of a juror, but even if such motion had been made and refused it would not have been error for we cannot say that this instruction to the District Attorney prejudiced the defendant.

The judgments are affirmed and it is ordered that defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentences imposed or any part of them which had not been performed at the time the appeal in this case was made a supersedeas.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.