Commonwealth *v.* Reed, Appellant.

Argued March 1, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

250

*A. A. Vosburg,* of *Vosburg & Vosburg,* with him *Chester A. Garratt,* for appellant.

*Leigh B. Maxwell,* for appellee.

OPINION BY RENO, J., April 16, 1943:

Information was lodged before a justice of the peace charging that appellant violated The Vehicle Code of May 1, 1929, P. L. 905, §1004, as amended by the Act of June 9, 1939, P. L. 315, §1, 75 PS §521, which, in part, provides that "upon all highways of sufficient width, except one way streets, the driver of a vehicle shall drive the same upon the right half of the highway ......" The offense is punished in a summary proceeding "before a magistrate" which includes a justice of the peace: Act of 1929, supra §102, as amended, 75 PS §2. Provision is made for an appeal from the conviction by a justice of the peace "as in other cases of summary conviction" and "any person charged with violating any of the summary provisions of this Act may waive summary hearing, and give bond in a sum equal to double the fine and costs that might be imposed, for appearance before a judge of the court of quarter sessions ......": Act of 1929, supra, §1204, (a-b) as amended, 75 PS §734.

Appellant had, therefore, the choice of appearing before the justice of the peace in a summary proceeding or waive it and by entering a bond secure a trial by a judge of the court of quarter sessions. He chose to waive the summary proceeding, entered a bond and was tried, convicted and fined $10 by the judge of the court below. Here he contends, although he did not raise the question below, that the court of quarter ses-

sions could acquire jurisdiction only by allowing an appeal after a conviction by the justice of the peace. However, the law clearly permits him an election and appellant, having elected to be tried by a tribunal which acquired jurisdiction through his election, has no ground for complaint.

Turning to the testimony, we discover that the Commonwealth established that the appellant drove his automobile over a twenty-four feet wide bridge on the left side of the highway and there collided with the car of one Irwin. A Pennsylvania Motor Police officer testified that appellant admitted that he "was upon the left side of the highway" and that the observable skid-marks upon the ground indicated that appellant was driving upon the left side of the highway. Appellant denied this; testified that Irwin "was squeezing the center of the bridge," and that when the collision occurred the appellant was "backing away from him [Irwin] in order to avoid a collision". The learned judge, who was the trier of the facts, resolved the conflict of testimony in favor of the Commonwealth and, since his decision is sustained by testimony he found credible, it cannot be disturbed by us: *Commonwealth v. Haylow*, 17 Pa. Superior Ct. 541; *Pearlman v. Newburger*, 117 Pa. Superior Ct. 328, 178 A. 402; *J. J. Pocock v. Levy*, 130 Pa. Superior Ct. 94, 196 A. 869.

Appellant assigns as error several rulings upon evidence but he did not except to the rulings in the court below. These assignments violate our Rule 27 and might properly be dismissed upon that ground: *Commonwealth v. Gilleland*, 93 Pa. Superior Ct. 307; *Commonwealth v. Bolan*, 79 Pa. Superior Ct. 52. However, an examination of the record shows that the assignments are without merit. It is true that the appellant was not permitted to cross-examine Irwin for the purpose of showing that the latter had an injured child in his car and was, inferentially, hurrying to a doctor. But later in the trial appellant did succeed in hav-

ing Irwin's wife, who was in her husband's car, testify to the same fact and, having thus been permitted to introduce evidence substantially the same as that before excluded he has no cause for complaint: *Rodgers v. Fleming,* 325 Pa. 228, 233, 188 A. 861; *J. J. Pocock v. Levy,* supra, p. 97. Appellant also offered to prove by his wife, who came to the scene of the accident after it occurred, that certain marks on the highway led directly to Irwin's car, but Mrs. Reed herself testified that when she arrived at the scene of the accident, Irwin's car was no longer there. Manifestly, she was incompetent to testify to where the marks led.

All the assignments are overruled and the judgment and sentence of the court below are affirmed.