Pittston Debt Funding Case.

Argued October 2, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Henry Greenwald,* with him *Paul R. Orrson* and *Max Rosenn,* for appellants.

*George F. B. Appel,* with him *J. Earl Langan, Benjamin R. Townsend* and *Townsend, Elliott & Munson,* for appellee.

OPINION BY RENO, J., November 12, 1952:

Invoking the provisions of the Municipal Borrowing Law of June 25, 1941, P. L. 159, §502(a), as amended, 53 P.S. §2011.502, the City of Pittston, a city of the third class, petitioned the court below for an order authorizing it to fund an unfunded debt for $91,292.63 which had been incurred for operating expenses. Upon presentation of the petition the court set a date for a hearing and directed that notice thereof be given by publication in a newspaper and a legal periodical. Appellants, taxpayers of the city, filed an answer raising questions of law and fact. After a hearing the court below entered an order approving the application "as to the sum of $41,292.63, being the amount of indebtedness set forth in the petition, less the note of $50,000.00 held by the Miners Savings Bank of Pittston." Appellants brought the case here.

The petition recited "That as of December 1, 1951, the City of Pittston has unfunded debt contracted for current operating expenses in the total amount of $91,-292.63" (the details of which were supplied by an annexed exhibit), and "That in the opinion of the Council of the City of Pittston, the financial condition of

the City is such that it cannot meet such unfunded
debt within the current fiscal year without an unreasonable curtailment of municipal services or the levy
of an excessive tax." For the amount stated, it desired to issue bonds, and it averred that its total debt,
including the proposed bonds, was within 2% of the
assessed valuation of the taxable property. At the hearing, where both sides had ample opportunity to produce evidence, it was disclosed that $50,000.00 of the
unfunded debt of $91,292.63 was represented by the
city's tax anticipation note issued in 1951 to the Miners
Savings Bank of Pittston. This note, the court below
held, "should be paid out of current revenue."

The cited section of the law, upon which this proceeding was based, provides: "Whenever any municipality has any unfunded debt, contracted for current
operating expenses, which is due and owing and the
financial condition of the municipality is such that,
in the opinion of the council in the case of cities . . . it
cannot meet such debt within the fiscal year without
an unreasonable curtailment of municipal services or
the levy of an excessive tax, they may by petition apply to the court of quarter sessions . . . After hearing,
. . . the court shall make such order granting authority
to fund such unfunded debt contracted for current operating expenses in whole or in part, if it believes
the proposed funding will accomplish the relief intended, or refusing to permit the municipality to fund the
same as it deems just and equitable. *The action of the
court shall be final."* (Emphasis added.)

The concluding sentence of the section restricts appellate review to the question of the jurisdiction of
the court below and the regularity of its proceedings.
"Where a statute is silent on the right of appeal this
Court may review the case in the broadest sense allowed on certiorari; but where an appeal is expressly

denied or it is provided that the action of the court below shall be final, our appellate review will be limited to questions of jurisdiction and those relating to the regularity of the proceedings:" *Grime v. Department of Public Instruction,* 324 Pa. 371, 375, 188 A. 337. See also *White Township School Directors Appeal,* 300 Pa. 422, 150 A. 744, and *Kaufman Construction Co. v. Holcomb,* 357 Pa. 514, 55 A. 2d 534. "[T]he merits of the controversy cannot be considered even though the interpretation given to the facts or the law by the . . . court below may have been erroneous": *Kaufman* case, supra, p. 518.

Appellants concede, as they must, that the court below had jurisdiction to entertain the petition, and the record before us establishes the regularity of its proceedings. The court acted upon a petition which laid its averments in the very language of the Municipal Borrowing Law and invoked the remedy provided by the Law. The court provided for notice, accorded both parties a hearing upon the merits, and entered an order conforming to the provisions of the statute. Every element of procedural due process was scrupulously followed, and the proceedings in the court below were entirely regular. Even if, as appellants urge, the court erred in its interpretation of the facts or the law, (and we shall not so much as intimate that it did), we cannot examine the merits of their contentions.

Order affirmed at appellants' costs.