Commonwealth *v.* Stephens, Appellant.

Argued March 28, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE, and ERVIN, JJ. (GUNTHER, J., absent).

*Donald E. Wieand,* with him *Butz, Hudders, Tallman & Rupp,* for appellant.

*Bernard B. Naef,* Assistant District Attorney, with him *M. Jack Morgan,* District Attorney, for appellee.

OPINION BY HIRT, J., July 30, 1955:

The defendant was charged with reckless driving in violation of §1001(a) of The Vehicle Code as last

amended by the Act of August 24, 1951, P. L. 1368, 75 PS §481. He waived a hearing before the magistrate and upon trial in the lower court was found guilty of the offense and was sentenced. He contends that the proofs do not sustain his conviction.

The testimony at the trial was not reported. To supply a record in this appeal the district attorney and counsel for defendant entered into a stipulation of the material facts to this effect: On January 22, 1954, the defendant while operating a Ford coupe westwardly on Route 222 in Lower Macungie Township, Lehigh County, ran into an automobile standing along the north side of the road. The owner testified that he had parked his car earlier in the day at the side of the highway and had left it there approximately four feet off the traveled cartway. The prosecutor, a police officer, testified that he had observed the car parked off the highway at 6:45 p.m. that evening, and that when he returned to the scene after the accident, one half hour later "he found the defendant's car 165 feet from the point of impact." [i.e., from the point where he had seen the parked car]. Defendant testified that he was driving, within the legal speed limit, at about 45 miles per hour on his right hand lane of the three lane highway. The surface of the pavement was clear. Two automobiles approached over the crest of a hill a short distance from the defendant. One was in the center lane in the act of passing the other. In the language of the stipulation "As these approaching vehicles came nearer, defendant was blinded by their lights and automatically pulled his car somewhat to the right. Defendant then decelerated his vehicle but did not apply his brakes. Within a few seconds after these vehicles passed and before defendant's eyes had again become adjusted to darkness, he struck the parked car. This car had not been seen by the defendant prior to impact

because he had been blinded by the approaching lights. The impact caused the steering gear on the defendant's car to snap and his right front wheel to lock. Defendant, thereafter, had no control over his car and because it was a convertible and because there was no approaching traffic, he threw himself upon the floor of his vehicle. His car traveled a short distance ahead and across the highway where it came to rest without further damage."

Section 1001(a) of the 1951 amendment of The Vehicle Code, supra, provides: "Reckless driving is unlawful, and, for the purpose of this act is construed to include the following: (a) Any person who drives any vehicle or street car or trackless trolley omnibus upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property." In *Commonwealth v. Forrey,* 172 Pa. Superior Ct. 65, 92 A. 2d 233, we construed the language of §1001(a) as setting "the minimal requisite of the statutory offense of reckless driving at less than wilful and wanton conduct on the one hand and, on the other, something more than ordinary negligence or the mere absence of care under the circumstances" and we there held that the phrase "reckless driving" in the section connotes culpable or criminal negligence amounting to a careless disregard of the rights or safety of others "the consequences of which could reasonably have been foreseen by the driver of the vehicle." Cf. Restatement, Torts, §500.

In general it is only where a statute expressly provides that there be no further appeal that appellate review is limited to the question of jurisdiction and the regularity of the proceedings. *Pittston Debt Funding Case,* 172 Pa. Superior Ct. 55, 92 A. 2d 260; *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 200 A. 213; *Delaware County Nat. Bank v. Campbell,*

378 Pa. 311, 316, 317, 106 A. 2d 416. Since there is no statutory limitation on the right of appeal from a conviction of reckless driving, this case is before us on broad certiorari and we may consider the record, on the stipulated facts, to determine whether the conviction is supported by the evidence. This conclusion is not in conflict with the principle that the decision by a judge of the quarter sessions after a trial of a summary proceeding under The Vehicle Code cannot be disturbed on appeal, if sustained by credible evidence. *Commonwealth v. Reed,* 152 Pa. Superior Ct. 249, 31 A. 2d 595. The rule has its sanction in the principle that the findings of a trial judge sitting without a jury have the same weight as a verdict of a jury. *Pearlman v. Newburger,* 117 Pa. Superior Ct. 328, 178 A. 402. It has been our practice to consider appeals as on broad certiorari in cases of this class on the question of the sufficiency of the proofs to sustain the charge. Cf. *Commonwealth v. Forrey,* supra.

There were no eyewitnesses to what occurred other than the defendant himself. The circumstances do not prove more than the happening of an accident and, standing alone, clearly are insufficient to establish the guilt of the defendant beyond a reasonable doubt. Cf. *Commonwealth v. Kloiber,* 378 Pa. 412, 427, 106 A. 2d 820. Moreover, defendant's uncontradicted testimony exculpates him from the charge of reckless driving. This was a three-lane improved state highway and defendant was driving at a lawful speed in his proper west-bound traffic lane after dark. As defendant neared the crest of a hill, he was blinded by the lights of not only one, but of two automobiles approaching almost simultaneously, one in the eastbound lane and the other in the center lane of the highway. The effect of lights of an automobile on the driver of an approaching car may be intensified when tilted up by the grade at the

crest of a hill. Defendant said he then "decelerated" his vehicle. But even if he had not slowed down, his failure in that respect though charging him with negligence (*Vierling v. Fry et al.*, 354 Pa. 66, 46 A. 2d 473), would not in itself convict him of reckless driving. It is not an unnatural reaction for one to turn away from the blinding lights of an approaching automobile and under the circumstances, it cannot be said as a matter of law that in turning his car to his right as much as four feet off the paved portion of the highway he was guilty of culpable negligence "amounting to a careless disregard of the rights or safety of others *the consequences of which could reasonably have been foreseen* by him." The stipulated fact is that defendant's car traveled "a short distance and across the highway" before coming to a stop. The stipulation does not accept the testimony of the police officer that defendant's car traveled 165 feet from the point of impact. Where the car came to rest was a circumstance to be considered especially on the question of the speed at which defendant was driving. But the admitted facts are to the effect that because he was blinded he "automatically [i.e., instinctively, we may assume] pulled his car somewhat to the right" and that "he threw himself upon the floor of the vehicle" for his safety because his car, a convertible, lacking the protection of a hard top, became out of control when the steering gear ceased to function.

In the light of all of the evidence, the burden on the Commonwealth of rebutting the presumption of innocence has not been met.

Judgment reversed and defendant discharged.