## Commonwealth v. Walborn

C. *Wayne Smyth*, for Commonwealth.
*Romeyn F. Culver*, for defendant.

ROSENFIELD, P. J., October 25, 1955.—Defendant stands before us charged with the crime of reckless driving, contrary to the Act of August 24, 1951, P. L. 1368, section 28, 75 PS §481. He claims that he cannot be convicted for two reasons which he sets forth as follows:

1. Defendant is presumed innocent until proven guilty beyond a reasonable doubt; 2. there is no evidence as to whether defendant signaled for a turn and

in any event defendant is not charged with failure to signal. If he were so charged, Commonwealth must prove beyond a reasonable doubt that he failed so to signal.

He sets forth a third reason by inference, which is that the information was sworn to by an officer who was not an eyewitness to the crime and the officer did not specify that the information was made on information and belief and, therefore, the proceedings should be quashed.

The third contention is based upon the cases of Commonwealth v. Cicchino, 78 D. & C. 143, and Commonwealth v. Hockenberry, 72 D. & C. 274, which in turn are based upon Commonwealth v. Deppen, 52 D. & C. 442. In our opinion these cases are inapplicable, because the information which was made June 6, 1955, was based upon information which the prosecuting officer had obtained from defendant himself at the time of the accident on the 1st day of June, 1955, was direct evidence and the strongest evidence of imputed guilt: Commonwealth v. Turner, 358 Pa. 350 (362); Commonwealth v. Carluccetti, 369 Pa. 190. The information, therefore, was not hearsay evidence but direct evidence of which the officer "had personal knowledge". See Commonwealth v. Deppen, supra, at page 444, and Commonwealth v. Halleron, 163 Pa. Superior Ct. 583 at page 586.

As to the second allegation, there was no positive evidence on the part of the Commonwealth that defendant failed to signal for a turn out of line. However, when defendant did take the witness stand, he failed to testify that he did give any signal when he came out of the line. Since there is no affirmative proof of failure to give such signal, defendant could not be convicted under the Act of August 24, 1951, P. L. 1368, section 30, 75 PS §571, for failure to give such a signal. But defendant was not charged with

violation of this section. He was charged with violation of the above mentioned provision prohibiting reckless driving. ". . . 'Reckless driving' in the section connotes culpable or criminal negligence amounting to a careless disregard of the rights or safety of others, 'the consequences of which could reasonably have been foreseen by the driver of the vehicle' ": Commonwealth v. Stephens, 179 Pa. Superior Ct. 255 at 258; Commonwealth v. Forrey, 172 Pa. Superior Ct. 65 at 68.

Defendant himself testified that just before turning out, he looked into his mirror and saw the driver who was coming from behind him "straddle of the line" referring to the white line marking the center of the two-way street at that point. Any reasonably intelligent individual should then realize that the approaching driver was about to pass this defendant's car at his left. Despite this fact, defendant turned out of line and was struck on the left side of his car. The only conclusion which can be drawn is that this defendant knowingly drove out in the face of oncoming traffic in the path of a car which he knew was about to pass him, causing a collision almost immediately. This, we conclude, is reckless driving. If a signal was given, the only conclusion that we can draw from defendant's own testimony is that it was given too late; but there is no proof that defendant gave any signal of his intended turn. To turn in front of passing traffic which was so near at hand is reckless. Defendant would have us infer that the approaching car was some distance behind him; but the facts, as testified to by defendant, indicate the contrary. Defendant's counsel in his brief states: "He may have made a mistake in judgment". In our opinion, defendant did more than that. He should have known that he was endangering himself and the approaching car when he turned in its path as it was about to pass him.

Defendant refers to the fact that defendant committed an offense specifically covered by a section of The Vehicle Code and, therefore, cannot be convicted of reckless driving. We agree with what Judge Davison said in Commonwealth v. Diehl, 35 D. & C. 503, page 505. However, defendant's contention is not controlling here, because there is no proof that he violated any other provision of the code. Defendant refers to the failure to prove that defendant failed to give a signal before making a turn out of line. As we have said heretofore, there is no affirmative proof that he gave or failed to give any such signal though, of course, it is to be noted that he failed to testify that he gave such a signal. What he did was to drive intentionally in front of a car approaching and about to pass him. In any event, we doubt if section 571 is intended to cover anything but the matter of signals.

With defendant's statement in his brief that the mere happening of an accident does not prove that defendant was even slightly negligent, we can heartily agree. However, defendant himself proved more than the mere happening of an accident, as we have stated above.

In coming to this conclusion, we have overlooked all of the testimony of the arresting officer to whom defendant told a story less favorable to himself than that which defendant told at the time of the hearing.

On defendant's own testimony, therefore, we can find that a car was stopped ahead of defendant, that defendant pulled up behind that car, stopped, looked into his mirror, saw the car approaching him straddle of the line obviously intending to pass both defendant and the car ahead of him, that defendant turned left, and as he did so, the car from the rear hit his left side at a time when the road was good and it was daylight.

We, therefore, find defendant guilty and direct him to appear for sentence at the call of the district attorney.