## Commonwealth v. Kuhns

*M. Jack Morgan*, District Attorney, for Commonwealth.

*Boyd H. Walker*, for defendant.

HENNINGER, P. J., November 28, 1955.—Defendant driving a coal tractor-trailer came upon a car stalled in his path with a man waving his hands to warn approaching drivers. Across a short bridge were three cars stopped on the opposite lane of traffic on a two lane highway.

Defendant put on his brakes but could not stop and, therefore, turned to his left around the stalled car and in attempting to get back to his right side grazed the three cars standing on the left side of the highway.

He was arrested by a State policeman for reckless driving and, on the basis of a weight slip found in his possession, he was also charged with driving overweight. After hearing, the justice of the peace found him guilty on both counts and he has petitioned this court for the allowance of an appeal.

Defendant has shown no cause at all for appeal from the reckless driving charge. His depositions, which we assume state his best case, show that he was proceeding down hill with 51,800 pounds of vehicle and load and that he saw the stalled car 200 feet ahead and was unable to bring his vehicle to a stop and, therefore, he was compelled to weave between the stalled cars and those waiting beyond the bridge, a distance he estimates at 30 feet.

He states that his brakes suddenly failed to work, but that they had worked up to the time of the accident and that without adjustment they operated satisfactorily for the balance of the trip. He stated furthermore that the gauges showed no cause for brake failure. We infer, therefore, not that the brakes failed to operate but that the combined speed and weight were too great for sound brakes to bring his car to a stop in the face of danger.

In our opinion, the circumstances of the accident show more than mere negligence, see Commonwealth v. Stephens, 179 Pa. Superior Ct. 255, 260, but that in the new definition of reckless driving, section 28 of Amending Act of August 24, 1951, P. L. 1368, section 1001 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §481, defendant was operating his vehicle "carelessly disregarding the rights or safety of others".

The matter of overweight poses a more serious problem. Clearly defendant cannot be convicted upon the mere possession of a weightmaster's slip showing a weight in excess of that allowed by law: Commonwealth v. Scarlatta, 79 D. & C. 382, 384.

The Commonwealth's case is strengthened, however, by defendant's admission in writing over his signature, that his truck was carrying 51,800 pounds when he left the weightmaster's scales at 11:30 a.m. on that morning. The accident happened at about 1:30 p.m. on the same day. In the face of that admission, it seems to us to have been unnecessary for the Commonwealth to have provided any other evidence of the weight of vehicle and load. If defendant accepted the weight as shown on the slip and adopted it as his own, there is no reason why we should not do so.

Particularly is this so on application for an allocatur. Appeals are not allowed for defects in minor technical details of procedure before a justice of the peace: Thompson v. Preston, 5 Pa. Superior Ct. 154, 157; Commonwealth v. Freedman, 161 Pa. Superior Ct. 12,

15; but only because an innocent man has been wrongfully convicted. If appellant is not innocent, then we are not moved to grant an appeal.

Appellant contends, however, that the weighing was too remote from the arrest, which took place about two hours and perhaps 50 miles from the time and place of weighing. This is in part the same problem that confronted us in the recent unreported case of Commonwealth v. Cesanek, nos. 160 and 161, June sessions 1953.

Granting from defendant's admission that the weight of the vehicle and load was 51,800 pounds at Schuylkill Haven at 11:30 a.m., did it have that weight near Haafsville at 1:30 p.m. of the same day?

Defendant suggests that since it was raining the night before and that morning, the coal may have absorbed as much as 3,000 pounds of water. He stated that it had stopped raining before the coal was weighed. We see no significance in either fact.

The act forbids an over-all weight in excess of that allowed by the act, without reference to the nature of the load. Defendant's outfit was, therefore, overloaded when it left Schuylkill Haven although a part of the overload may have consisted of unwanted, to the consumer, water.

If it continued to rain after the weighing, then the overload would have been still greater than that shown on the weight slip and admitted to by defendant.

Defendant offered no testimony to show that the weight had been reduced in the two hours of travel. It is unlikely that evaporation and leakage of water would have reduced the weight below that permitted by the act or below that permitting arrest.

It would seem, therefore, that the justice of the peace had the right to find defendant guilty although the last weighing of the vehicle and load had been made two hours before the arrest.

Defendant intimates that he should not be held because the excess is slightly over the permitted weight plus the 10 percent permitted. It has been pointed out, however, that any excess over that permitted is unlawful, but that the law graciously provides that *no arrest shall be made* unless it is over 10 percent above the permitted maximum: Commonwealth v. Peacock, 118 Pa. Superior Ct. 168, 174.

Since, in our opinion, defendant was properly convicted upon both charges, no good purpose would be served by allowing an appeal to this court.

Now, November 28, 1955, defendant's rule for the allowance of an appeal is discharged and an appeal is denied. Costs to be paid by defendant.