## Commonwealth v. Corman

*Philip R. Detweiler,* for Commonwealth.
*Charles P. Zerbe,* for defendant.

FORREST, P. J., March 14, 1963.—Defendant in this case being charged with violation of the section of The Vehicle Code relating to speeding, waived a hearing before the justice of the peace and now has petitioned, or more properly, *moved,* to quash the information.

Defendant's first reason for her motion is that her surname is Corman, whereas the name of defendant as it appears in the information is Cornan. The court in Commonwealth v. Hessman, 8 D. & C. 2d 625 (1956), rejected this contention stating, p. 627:

". . . 'The rule seems to be that if names may be sounded alike without doing violence to the power of letters found in the various orthography, the variance is immaterial; . . .': Bouvier's Law Dictionary, vol. 1, p. 1484. See also Sadler on Criminal Procedure in Pennsylvania, vol. 1, §235, p. 285; Paul v. Johnson, 9 Phila. 32 (1871)."

In this case defendant, having posted bail for appearance in this court, was not misled to her prejudice in any way, but obviously was aware that she was the person charged with the offense. Therefore, the slight clerical error in the spelling of her name is not ground for quashing the information.

Second, defendant alleges that the procedure prescribed by section 1202 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1202, was not complied with. The record before us does not support this allegation.

Third, defendant contends that the justice of the peace never obtained jurisdiction over her. The Vehicle Code permits any person charged with violating any of its summary provisions to waive summary hearing, and give bond in a sum equal to double the amount of the fine and costs that might be imposed, for appearance for trial before a judge of the Court of Quarter Sessions: Section 1205 of The Vehicle Code of 1959, 75 PS §1205. Having elected to be tried by this court, which acquired jurisdiction through her election, she has no ground for complaint: Commonwealth v. Reed, 152 Pa. Superior Ct. 249 (1943). " '. . . when the defendant voluntarily waived a hearing and entered bond for appearance in court, [she] thereby consented to the jurisdiction of the Justice of the Peace over [her] person' ": Commonwealth v. Jiras, 4 D. & C. 2d 655 (1955).

Finally, defendant contends that the information fails to allege that she committed a crime. The information states that defendant operated her motor vehicle on Route 309, at a speed of 65 miles per hour, when the maximum allowable speed was 50 miles per hour, in violation of section 1002, subsection B, paragraph 6 of The Vehicle Code of 1959; that "the rate of speed of this motor vehicle was timed by officers of Pennsylvania State Police through the use of an Electro-Matic Radar Speed meter, serial no. 5128, which was tested for accuracy by an official Radar Speed Meter Testing Station on November 1, 1962, which is within 30 days prior to the alleged violation as required by law." The information does not state that

the particular radar apparatus is of a type approved by the Secretary of Revenue.

The Vehicle Code of 1959, sec. 1002, as supplemented by the Act of April 28, 1961, P. L. 108, sec. 2, 75 PS §1002, provides inter alia:

"(d.1) (1). The rate of speed of any vehicle may be timed on any State highway . . . by officers of the Pennsylvania State Police through the use of radio-microwaves, commonly referred to as electronic speed meters or radar.

"No conviction shall be had upon evidence obtained through the use of radar apparatus unless—

(i) it is of a type approved by the secretary, and

(ii) it has been calibrated and tested for accuracy and found accurate or adjusted for accuracy within a period of thirty days prior to the alleged violation, and

(iii) official warning signs have been erected on the highway by the proper authority indicating that radar is in operation;

(iv) the speed recorded is six or more miles per hour in excess of the legal speed limit."

The above-quoted subsection of The Vehicle Code states a rule of evidence, not an element of a crime of which defendant is accused. It resembles subsection (d) (1) of section 1002, which also states a rule of evidence, and not an element of a crime.

Defendant has cited no decisions supporting her contention. Essentially she is urging that we decide that an information in speeding cases must state the kind and qualification of the evidence in support of the Commonwealth's case. We are of the opinion that the law is otherwise. Facts, not evidence, should be set forth in an information.

And now, March 14, 1963, the motion to quash the information is denied. It is ordered that the case be listed for a hearing on the merits.