372 A.2d 18

**COMMONWEALTH of Pennsylvania**

v.

**Yaha A. EL–AMIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided March 31, 1977.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

224

VAN der VOORT, Judge:

Appeal is taken to our Court from a March 8, 1976, Order denying appellant's Motions for New Trial and In Arrest of Judgment. Citation for "reckless driving" had been issued and pursuant thereto appellant had appeared in Philadelphia Traffic Court on December 29, 1975, following which hearing he was adjudged guilty of the summary offense as charged.[1] He was fined $25.00 and ordered to pay $5.00 costs. In accord with *Pa.R.Crim.P.* 67, an appeal was perfected to the Court of Common Pleas. Following *de novo* hearing on February 5-6, 1976, before Hon. Ethan Allen Doty, Judge, the appeal was denied and adjudication of guilt made. Post-verdict motions were filed, argued and denied, thus affirming the summary conviction, which Order is the final order in this case, giving rise to the appeal.

We adopt the well-stated and complete statement of facts from the Opinion of the lower court, from which we quote:

Officer Robert Lamar of the Philadelphia Police Department and a member of its Accident Investigation Detail, testified that on November 11, 1975, after being advised of an accident, he proceeded to the intersection of Ogontz and Medary Avenues in the City and County of Philadelphia. The accident occurred at 4:15 A.M. He was advised of the accident at 4:20 A.M., and he arrived at the scene of the accident approximately thirty-five minutes thereafter.

Officer Lamar testified that he observed a smashed vehicle against a tree and a telephone booth knocked down, a driving standard knocked down, a mailbox knocked down and two other parked cars severely damaged. The car which was lodged against the tree was a 1969 blue Ford with markings on it, indicating that the vehicle belonged to the Upsal Cab Co.

Officer Byrd of the Philadelphia Police Department testified that he was the first police officer on the scene

1. Act of 1959, April 29, P.L. 58, § 1001, 75 P.S. § 1001: "(1) Any person who drives any vehicle  .  .  .  upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

arriving at approximately 4:15 A.M., on November 11, 1975 at Ogontz and Medary Avenues. He testified precisely as Officer Lamar testified as to what he had observed. Officer Byrd then proceeded to testify that he observed a man, whom he identified as the defendant in this case, sitting behind the wheel of the vehicle against the tree. The steering wheel of defendant's vehicle was broken and bent and the defendant half unconscious. When Officer Byrd attempted to assist the defendant from the vehicle the defendant screamed with pain and Officer Byrd called for an emergency wagon to help him assist the defendant from the vehicle. Officer Byrd clearly and unequivocally identified the defendant as the individual seated behind the steering wheel of the car abutting the tree.

Appellant now argues, seeking only to have judgment arrested, that the evidence presented by the two police officers, the Commonwealth's only witnesses, is insufficient. Certainly auto accidents of this type have illustrated the degree of difficulty that exists in the proof of the offense. We pointed out in *Commonwealth v. Forrey,* 172 Pa.Super. 65, 67, 92 A.2d 233, 234 (1952), that the aforementioned statute's purpose "was to set the minimal requisite of the statutory offense of reckless driving at less than wilful and wanton conduct on the one hand and, on the other, something more than ordinary negligence or the mere absence of care under the circumstances." In this case we are not troubled by the fact that the vehicle was not seen in the operation of appellant when the act occurred. "It seems illogical and unreasonable to permit the operator of a vehicle to be exonerated from the responsibility and liability for his actions simply because there were no witnesses except the appellant [the alleged operator] who saw the accident or the appellant driving." *Commonwealth v. Taylor,* 237 Pa.Super. 212, 217, 352 A.2d 137, 139 (1975). And it is clear that minimum "absence of care under the circumstances", manifested by driving with careless disregard of the rights or safety of others, "or in a manner so as to endanger any person or property", may be proved by circumstantial evi-

dence. *Pfendler v. Speer,* 323 Pa. 443, 185 A. 618 (1936) and *Wenham Transportation v. Radio Construction,* 190 Pa.Super. 504, 154 A.2d 301 (1959). Based upon the testimony of the investigating officers, albeit circumstantial, establishing that appellant's vehicle had lodged against a tree, and that a traffic signal had been knocked into a telephone booth, and that a mailbox had been knocked down, and that two parked cars had been damaged, the trial court concluded that a case of negligent operation of a motor vehicle in a manner so as to endanger property had been proven. Based on this finding, the appeal was denied and adjudication restated.

Proof of the offense by circumstantial evidence was proper. The trier of fact chose to believe such evidence as presented by the witnesses for the Commonwealth. There is substantially more evidence in the instant case than was present in *Commonwealth v. Stephens,* 179 Pa.Super. 255, 115 A.2d 904 (1955), wherein the evidence proved no more than that an accident happened. In the case presently before us, we agree with the lower court that the evidence is sufficient to sustain an adjudication of conduct of "reckless driving."

Affirmed.

PRICE, J., concurs in the result.